# UNITED STATES DISTRICT COURT

## District of the District of Columbia

Keith B. Diggs,                          )
                                         )
        Plaintiff,                       )
                                         )        Case No. 05-1112(EGS)
                                         )
JOHN E. POTTER,                          )
POSTMASTER GENERAL,                      )        October 18, 2005
UNITED STATES POSTAL SERVICE,            )
                                         )
        Defendant.                       )

## ANSWER TO COMPLAINT

Defendant, by and through, the United States Attorney for the District of Columbia, hereby answers the complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This court lacks subject matter jurisdiction over all of the Plaintiff's claims that are subject to administrative exhaustion requirements but were never raised in the administrative process.

### THIRD DEFENSE

In response to the specific allegations of the complaint, Defendant states as follows:

1

## INTRODUCTION

1.      Defendant denies the allegations of unlawful discrimination, infliction of emotional distress, and breach of contract in paragraph 1 of the Plaintiff's complaint.  Paragraph 1 in Plaintiff's complaint is also a demand for judgment and prayer for relief of the Plaintiff's complaint, which requires no answer.  To the extent that an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

2.      Defendant denies the allegations of unlawful discrimination, infliction of emotional distress, and breach of contract in paragraph 2 of the Plaintiff's complaint.  Paragraph 2 in Plaintiff's complaint is also a demand for judgment and prayer for relief of the Plaintiff's complaint, which requires no answer.  To the extent that an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

3.      Defendant denies the statements in paragraph 3.

## JURISDICTION

4.      Paragraph 4 of the Plaintiff's complaint constitutes a jurisdictional statement of this action, which requires no answer.  To the extent that an answer is deemed required, Defendant denies the allegations in paragraph 4 of the Plaintiff's complaint.

## VENUE

5.      Paragraph 5 of the Plaintiff's complaint constitutes a venue statement of this action, which requires no answer.  To the extent that an answer

is deemed required, Defendant denies the allegations in paragraph 5 of the Plaintiff's complaint.

PARTIES

6.      The Defendant is without the knowledge or information sufficient to form a belief as to the truth and therefore denies the allegations regarding the Plaintiff's citizenship and residence. Defendant admits that Plaintiff was born on June 21, 1956.

7.      Defendant denies the statement in the first sentence of paragraph 7 and avers that John E. Potter is Postmaster General of the United States Postal Service within the meaning of Title 39 United States Code § 203.  Defendant admits the statement in the second sentence of paragraph 7.

**ADMINISTRATIVE PROCEDURES**

8.      Defendant admits the statement in the first sentence of paragraph 8.  The Defendant is without the knowledge or information sufficient to form a belief as to the truth and therefore denies the statement in the second sentence of paragraph 8.   Defendant denies the statement in the third sentence of paragraph 8 that Agency's decision was issued on May 24, 2004 and avers that the decision was issued on May 25, 2004.  Defendant admits the statements in the last two sentences of paragraph 8.

9.      Defendant admits the statements in paragraph 9.

10.     Defendant admits the statements in the first two sentences of paragraph 10.  Defendant denies the third sentence of paragraph 10 and avers that the Plaintiff did file an appeal with the Office of Federal Operations of the

Equal Employment Opportunity Commission.  The Defendant is without the knowledge or information sufficient to form a belief as to the truth and therefore denies the statement in the last sentence of paragraph 10 and avers that the decision was issued on April 27, 2005.

## **STATEMENT OF FACTS**

11.    Defendant admits to the statements in paragraph 11 of the Plaintiff's complaint.

12.    Defendant denies the statements in paragraph 12 of the Plaintiff's complaint. Defendant avers that the injury occurred on May 20, 1997 and was accepted for adjudication by the Office of Workers Compensation Programs in November of 1997 but the claim was eventually denied on August 22, 2000.

13.    Defendant denies the statement in the first sentence of paragraph 13 of the Plaintiff's complaint.  Defendant has no knowledge or information sufficient to form a belief as to the truth of the statement in the second sentence of paragraph 13.

14.    Defendant denies the statements in paragraph 14 of the Plaintiff's complaint. Defendant avers that Plaintiff was assigned to Modified Mail Processor position effective April 25, 1998 and thereafter on July 24, 1998 the Plaintiff's job status was changed to a part-time flexible employee retroactively effective to April 25, 1998.

15.    Defendant has no knowledge or information sufficient to form a belief as to the truth of the statement in paragraph 15 and therefore Defendant denies the statements in paragraph 15.

16.    Defendant has no knowledge or information sufficient to form a belief as to the truth of the statements in the first, third and fourth sentences of paragraph 16 and therefore Defendant denies the statements in the first, third and fourth sentences of paragraph 16. Defendant denies the statements in the second sentence of paragraph 16 of the Plaintiff's complaint.

17.    Defendant has no knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 17.

18.    Defendant denies that the Plaintiff's status was changed to a part-time flexible status in August of 1998 but admits to the remaining statements paragraph 18.

19.    Defendant denies the statements in paragraph 19 of the Plaintiff's complaint.

20.    Defendant has no knowledge or information sufficient to form a belief as to the truth of the statement in paragraph 20 and therefore Defendant denies the statement in paragraph 20.

21.    Defendant denies the statement made in paragraph 21 of the Plaintiff's complaint.

22.    Defendant admits the statements made in paragraph 22 of the Plaintiff's complaint that Plaintiff filed complaints of discrimination with the Defendant Postal Service in February 1994, September 1995, June 1997, and August 1998; however, Defendant is without knowledge or information sufficient to form a belief as to whether a complaint of discrimination was filed in July 1998, and whether Plaintiff was light duty assignments based on his alleged disability

and therefore denies those statements in paragraph 22 of the Plaintiff's complaint.

23.    Defendant denies the statement made in paragraph 23 of the Plaintiff's complaint.

24.    Defendant denies the statement made in the first sentence of paragraph 24 of the Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 24, and therefore denies the statement in the second sentence of paragraph 24 of the Plaintiff's complaint.

25.    Defendant denies the statement made in paragraph 25 of the Plaintiff's complaint.

26.    Defendant denies the statement made in paragraph 26 of the Plaintiff's complaint.

27.    Defendant denies the statement made in paragraph 27 of the Plaintiff's complaint and avers that Plaintiff was sent home along with others because there was no work available within his restrictions.

28.    Defendant admits the statement that on or about January 23, 2002 that Plaintiff was sent a letter to substantiate his absence, and avers that Plaintiff had an obligation to substantiate the nature of his injury to support his continued absence.

29.    Defendant denies the statements made in paragraph 29 of the Plaintiff's complaint and avers that Plaintiff was notified that he needed to provide documentation to substantiate his absence.

30.    Defendant denies the statement made in paragraph 30 of the Plaintiff's complaint.

31.    Defendant admits the statement in paragraph 31.

32.    Defendant denies the statements of paragraph 32 of the Plaintiff's complaint.

33.    Defendant denies the statements of paragraph 33 of the Plaintiff's complaint.

## STATEMENT OF CLAIMS

### COUNT I -- DISCRIMINATION ON THE BAIS OF RACE, GENDER AND DISPARATE TREATMENT IN VIOLATION OF TITLE VII

33.[1]    Defendant responds to the statements in (second) paragraph 33 of the Plaintiff's complaint by incorporating Defendant' prior responses to paragraphs 1 through 33 of the Plaintiff's complaint.

34. Defendant denies the statements of paragraph 34 of the Plaintiff's complaint.

### COUNT II -- DISCRIMINATION IN VIOLATION OF 29 U.S.C. SECTION 621 et seq. THE AGE DISCRIMINATION IN EMPLOYMENT ACT AS AMENDED

35.    Defendant responds to the statements in paragraph 35 of the Plaintiff's complaint by incorporating Defendant' prior responses to paragraphs 1 through 34 of the Plaintiff's complaint.

36.    Defendant denies the statements of paragraph 36 of the Plaintiff's complaint.

---

[1] The Plaintiff has mis-numbered this paragraph since the Number 33 has been used twice.

**COUNT III** -- **DISCRIMINAITON ON THE BASIS OF DISABILITY**

37.     Defendant responds to the statements in paragraph 37 of the Plaintiff's complaint by incorporating Defendant' prior responses to paragraphs 1 through 36 of the Plaintiff's complaint.

38.     Defendant denies the statements of paragraph 38 of the Plaintiff's complaint.

**COUNT IV -- RETALIATION**

39.     Defendant responds to the statements in paragraph 39 of the Plaintiff's complaint by incorporating Defendant's prior responses to paragraphs 1 through 38 of the Plaintiff's complaint.

40.     Defendant denies the statements of paragraph 40 of the Plaintiff's complaint.

**COUNT V --  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

41.     Defendant responds to the statements in paragraph 39 of the Plaintiff's complaint by incorporating Defendant' prior responses to paragraphs 1 through 40 of the Plaintiff's complaint and denies the statements in paragraph 41 of the Plaintiff's complaint.

42.     Defendant denies the statements of paragraph 42 of the Plaintiff's complaint.  Moreover, this court lacks subject matter jurisdiction over the Plaintiff's claim in paragraph 42 because it is subject to administrative exhaustion requirements that were never raised in the administrative process.  Plaintiff failed to exhaust his administrative remedy pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq.

**COUNT VI -- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

43.    Defendant responds to the statements in paragraph 43 of the Plaintiff's complaint by incorporating Defendant's prior responses to paragraphs 1 through 42 of the Plaintiff's complaint.

44.    Defendant denies the statements of paragraph 44 of the Plaintiff's complaint.  Moreover, this court lacks subject matter jurisdiction over the Plaintiff's claim in paragraph 44 because it is subject to administrative exhaustion requirements that were never raised in the administrative process.  Plaintiff failed to exhaust his administrative remedy pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq.

45.    Defendant denies the statements in paragraph 45 of the Plaintiff's complaint. Moreover, this court lacks subject matter jurisdiction over the Plaintiff's claim in paragraph 45 because it is subject to administrative exhaustion requirements that were never raised in the administrative process.  Plaintiff failed to exhaust his administrative remedy pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq.

46. Defendant denies the statements in paragraph 46 of the Plaintiff's complaint. Moreover, this court lacks subject matter jurisdiction over the Plaintiff's claim in paragraph 46 because it is subject to administrative exhaustion requirements that were never raised in the administrative process.  Plaintiff failed to exhaust his administrative remedy pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq.

## VII.    PRAYER FOR RELIEF

47.  The remainder of the complaint is a demand for judgment and prayer for relief in the Plaintiff's complaint, which requires no answer.  To the extent that an answer is deemed required, Defendant denies that the Plaintiff is entitled to the relief requested or any relief whatsoever.  Defendant further avers that certain of Plaintiff's claims for compensatory damages are subject to and limited by 42 U.S.C. § 1981a and that no compensatory damages may be awarded for certain other claims.  Defendant also denies that Plaintiff is entitled to a jury trial on every count of the complaint.

The Defendant denies each and every allegation set forth in Plaintiff's complaint not specifically admitted herein.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
R. CRAIG  LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238;(202) 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

OF COUNSEL:
Stephen W. Furgeson
Attorney
United States Postal Service