UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH DIGGS, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JOHN E. POTTER, )<br>POST MASTER GENERAL, )<br>)<br>      Defendant. ) | Civil Action No. 05-01112<br>(EGS) |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

I.  STATEMENT OF THE CASE

1) The Plaintiff filed two separate EEO complaints (1K-201-0121-98 and 1K-201-0001-00) which were consolidated under Agency Case No. 1K-201-0121-98.  Issues 2 and 3 were accepted from the first complaint[1], and Issues 1 and 2 were accepted from the second complaint.[2]

2) The Plaintiff has been employed by the Postal Service since February 14, 1987. See 1998 ROI (Exhibit (Ex.) 6a, p. 33).

---

[1] In the first administrative complaint, the Plaintiff alleges that he was discriminated against on the basis of race (black), sex (male), age (DOB 6/21/56), retaliation (prior EEO activity) and physical disability (back injury) in the 1998 Report of Investigation (1998 ROI) for EEOC Case No. 100-A1-7275X when: Issue 2) On July 22, 1998, he became aware that sick leave was put in for him rather than LWOP which affected his CA-7 claim; and Issue 3) on August 19, 1998, he received a PS Form 50 changing his job status from Full-Time Regular to Part-time Flexible, effective April 25, 1998, resulting in a change in his seniority status.

[2] In his second administrative complaint, consolidated with EEOC No. 100-A1-7275X, in the 2000 Report of Investigation (2000 ROI) the Plaintiff alleges he was discriminated against based on retaliation (prior EEO activity) and physical disability (back injury) when: Issue 1) on September 9, 1999, his request for sick leave was disapproved, changed to annual, causing him to incur three hours of leave without pay; and Issue 2) on an unspecified date, Injury Compensation Specialist provided inaccurate information on handling his claim that encouraged retaliatory responses from management.

1

3) On July 5, 1998 the Plaintiff called in sick and requested 40 hours sick leave. See 1998 ROI (John Grier Affidavit (Aff.) C, p. 17). This was noted on Form 3971, Request for or Notification of Absence. See 1998 ROI (Ex. 1). The leave was approved by several supervisors, including John Grier. Id., see also 1998 ROI (J. Grier Aff. C, p. 17). The Plaintiff signed the leave request on July 22, 1998. Id. The Plaintiff was paid for 40 hours sick leave. See 1998 ROI (Ex. 3b).

4) From June 30, 1998 through July 20, 1998, the Plaintiff also received payment from the Office of Workers Compensation Programs (OWCP) in the amount of $1,488.83. See 1998 ROI (Ex. 2).

5) On December 10, 1998, the OWCP notified the Plaintiff that he had been overpaid and sought return of the $1,488.83. Id. An employee cannot accept payment from OWCP while in a work status or while receiving sick leave payments from the Postal Service. Id.

6) On April 20, 1998, the Plaintiff accepted a Rehabilitation Job Offer assigning him to the position of a full-time Modified Mail Processor with the hours of 3:30 p.m. to midnight. See 1998 ROI (Ex. 7).

7) On April 29, 1998, the Plaintiff was changed from a Motor Vehicle Craft Tractor Trailer Driver, Level 6 to a lower level 4, Modified Mail Processor with a saved grade level 6. See 1998 ROI (Ex. 6a). Therefore, even though the skill level of a mail processor is at level 4, the Plaintiff was paid at level 6.

8) On July 24, 1998, the Plaintiff's change to a lower level was cancelled and reprocessed as, a part-time flexible, effective April 25, 1998. See 1998 ROI (Ex. 6b). Initially, the Plaintiff was assigned to full-time status, but that changed when, on July 18,

2

1998, the Union and Management entered into a settlement agreement in order to implement the February 7, 1994 Snow Arbitration Award.  <u>See</u> 1998 ROI (Counselor's Report, p. 116; Bills Aff. E, p. 30).

      9) In 1994, Arbitrator Snow concluded "that the Employer violated the parties' collective bargaining agreement when it reassigned a full-time employee from another craft who was partially recovered from an on-the-job injury to full-time status in the Clerk Craft."  <u>See</u> 1998 ROI (Ex. 9c).

      10) In the July 18, 1998 settlement agreement, employees reassigned prior to the 1994 ruling were converted to full-time and those reassigned after the 1994 ruling were converted to part-time flexible employees.  <u>See</u> 1998 ROI (Counselor's Report, p. 116). Therefore, on July 24, 1998, the Plaintiff's status was changed to part-time flexible along with all other employees in this group.  <u>Id</u>.; <u>see</u> <u>also</u> 1998 ROI (Bills Aff. E). The Plaintiff's race, sex, past EEO complaints, age or alleged physical disability were not considered when implementing the settlement agreement.  <u>See</u> 1998 ROI (Bills Aff. E and Ex. 7 and 8a – 8l).

      11) The American Postal Workers Union (hereinafter, "Union") and Postal Service agreed to amend their July 18, 1998 settlement agreement and on December 1, 1998, Plaintiff was returned to full-time status retroactive to April 25, 1998.  <u>See</u> 1998 ROI (Counselor's Report, p. 116).  Accordingly, the Plaintiff was credited for any salary and leave adjustments.  <u>Id</u>.

      12) On September 9, 1999, the Plaintiff submitted a request for 3 hours of sick leave.  <u>See</u> 1998 ROI (Ex. 11).  In the remarks section, he claimed back and nerve problems and cites OWCP claim number 25-0514475 as the basis for his request.  <u>Id</u>.

13) In August 1999, the Plaintiff submitted 4 other leave requests related to an on-the-job injury because of stress and cites OWCP claim number 25-50529977. See 1998 ROI (Ex. 14, 15a, 15b, & 15c). However, claim number 25-50529977 was denied on June 10, 1999. See 1998 ROI (Ex. 12).

14) On September 9, 1999, there was no medical documentation on file for the Plaintiff, which would have entitled him to sick leave for the cited claim. See 1998 ROI (T. Grier Aff. B). When Ms. Grier disapproved the Plaintiff's three hours of leave, she noted that there were "no meds on file." See 1998 ROI (Ex. 11). Because the Plaintiff did not have annual leave, he was in an LWOP status for three hours. The Plaintiff states that Ms. Grier was referring to the wrong claim number when she denied the leave. See 1998 ROI (Plaintiff. Aff. A).

15) In his affidavit, the Plaintiff states that in August, Injury Compensation Specialist Grier provided inaccurate information to Mr. Gramblin that his claim had been denied. See 1998 ROI (Plaintiff. Aff. A, p. 11). The Plaintiff does not state a specific date or year in which this happened. Id. However, on June 10, 1999, the Plaintiff's OWCP claim number 25-50529977 was denied. See 1998 ROI (Ex. 12). Ms. Grier, as she does with all denied claims, informed the operations managers that Mr. Diggs' OWCP claim had been denied. See 1998 ROI (T. Grier Aff. B, p. 14). Upon notification that the Plaintiff's OWCP claim had been denied, Mr. Gramblin believed that the Plaintiff was able to perform his regular duties. See 1998 ROI (Gramblin Aff. D, p. 20). Mr. Gramblin did not know that the Plaintiff had more than one OWCP claim and the Plaintiff did not immediately inform Mr. Gramblin. Id.

16) When Mr. Gramblin assigned the Plaintiff to his regular duties, he refused to perform them. See 1998 ROI (Gramblin Aff. D, p. 20). As a result, he was placed in an off-duty status. Id. After approximately 2 days, the Plaintiff returned with documentation to show that he had more than one claim, and that only his 25-50529977 claim for stress had been denied, not his 25-0514475 back injury claim. See 1998 ROI (Plaintiff Aff. A, p. 11). The Plaintiff filed a grievance for his lost time and was compensated for 19.42 hours. See 1998 ROI (Ex. 16, 17 and 18; Counselor's Report, p. 133 (last 10 lines)). He returned to his limited duty job. See 1998 ROI (Gramblin Aff. D).

17) John Grier was the Attendance Control Supervisor for Washington Processing and Distribution Center and did not directly supervise the Plaintiff in his day-to-day duties. See 1998 ROI (J. Grier Aff. C, p. 17). Toni Grier was not aware of the Plaintiff's prior EEO activity. See 1998 ROI (Toni Grier Aff. B, p. 14). Edgar Gramblin did not know the Plaintiff nor was he aware of the Plaintiff's prior EEO activity. See 1998 ROI (Gramblin Aff. D, p. 20).

18) The Plaintiff has claimed that he is disabled based on the following restrictions: lifting up to 20 pounds (see 1998 ROI (Ex. 19o)); Plaintiff can push and pull up to 30 pounds (see 1998 ROI (Ex. 19n); and his doctor prohibited him from operating a truck, crane and tractor trailer. See 1998 ROI (Ex. 19o).

19) The Plaintiff was a Mail Processor, assigned to Tour 3, Pay Location 396 at the V Street Annex, Return to Sender Unit. See 2000 ROI (Ex. 3, p. 19). His supervisor at the V Street Annex was Deborah Boston, EAS-16 (black, disability unknown). See 2000 ROI (Boston Aff. B, p.10). William Darryl Martin (black, disability unknown) was

the Senior Manager Distribution Operation, EAS-25 at the Brentwood Road facility. See 2000 ROI (Martin Aff. C, p. 15). Return to Sender mail is mail in which a delivery attempt had been made, but for some reason the mail needs to be returned to the sender as undeliverable. See 2000 ROI (Boston Aff. B). Mail that is being returned to sender is not time sensitive and therefore does not warrant paying employees premium overtime pay to expedite processing. Id.

20) Plaintiff desired to work overtime on his non-scheduled day and signed the Overtime Desired List. See 2000 ROI (Plaintiff Aff. A, p.8). On Wednesday, May 3, 2000, the Plaintiff worked from 4:00 p.m. until 10:00 p.m. after which he took 2 hours of annual leave. Id. Under the Collective Bargaining Agreement (CBA), those absent or on leave shall be passed over for overtime. See 2000 ROI (Ex. 7b, CBA at Art. 5(c)(1)(b), p. 40). No overtime was awarded in the Plaintiff's work group on May 3, 2000, or for that matter at any time. See 2000 ROI (Plaintiff Aff.; Boston Aff. B; and Ex. 5a, p. 52).

21) The Plaintiff alleges that overtime was awarded to employees in pay locations 030, 040 and 150. See 2000 ROI (Plaintiff Aff. A, p. 8). Pay locations 030, 040 and 150 are not located at the V Street Annex, rather they are located at the General Mail Facility (GMF) in the Brentwood Road facility several miles away. Id. The Collective Bargaining Agreement states that "[w]hen needed, overtime work for full-time employees shall be scheduled among qualified employees doing similar work in the work location where the employees regularly work…" See 2000 ROI (Ex. 7b, CBA Art. 5).

22) On May 6, 2000, the Plaintiff filed a grievance alleging that he should have been awarded the overtime in pay locations 030, 040, 150. See 2000 ROI (Ex. 5a). In his grievance he stated that "Management has never offered Overtime or working on

6

Holidays to myself [Plaintiff] and all injured employees stationed at V Street annex…" Id. On July 29, 2000, the grievance was resolved stating in part, "[I]n the overtime matter [of the grievance] the Union was unable to find any contractual violation. The LMOU [Letter of Memorandum and Understanding] states you must be physically assigned to the P&DC to be placed on the OTDL list." See 2000 ROI (Ex. 5b). The Executive Vice-President of the APWU stated that "no contractual violation exists." See 2000 ROI (Ex. 5c).

23) In this case, Plaintiff has claimed a disability based on his ability to intermittently sit and walk 8 hours, squat, kneel and stand 4 hours. See ROI (Ex. 4). He is able to lift up to 20 pounds, climb and twist 2 hours. Id. He is able to work above the shoulder, do simple grasping, fine manipulation, pushing and pulling. Id.

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN, D.C. Bar #451058
        United States Attorney

        _____
        R. CRAIG LAWRENCE, D.C. Bar #171538
        Assistant United States Attorney

        _____
        BENTON G. PETERSON, WI. Bar #1029849
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W. B Civil Division
        Washington, D.C.  20530
        (202) 514-7238;(202) 514-8780 (Facsimile)
        **Benton.Peterson@usdoj.gov**