Source: Legal > / . . . / > **Equal Employment Opportunity Commission Public Sector Decisions** [i]
Terms: **keith w/3 diggs and date aft 4/1/05** (Edit Search | Suggest Terms for My Search)

*2005 EEOPUB LEXIS 2178, ***

**Keith** B. **Diggs,** Complainant, v. John E. Potter, Postmaster General, United States Postal Service, Agency

Appeal No. 01A44389 Agency No. 1K-201-0023-03

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

2005 EEOPUB LEXIS 2178

**April** 27, 2005

**CORE TERMS:** settlement agreement, street, appointment, breached, scheduled, telephone, doctor's

**ISSUEDBY: [*1]** For the Commission by Carlton M. Hadden, Director, Office of Federal Operations

**OPINION:**
DECISION

Complainant filed a timely appeal with this Commission after the agency failed to timely respond to his April 17, 2003 allegation that the agency breached the terms of the March 7, 2003 settlement agreement into which the parties entered. *See* 29 C.F.R. § 1614.402; 29 C.F.R. § 1614.504(b); and 29 C.F.R. § 1614.405.

The settlement agreement provided, in pertinent part, that:

> (1) [Complainant] shall provide to Injury Compensation, [specific street address], Capitol Heights, MD 20790-9998, to the attention of Mrs [TG], copies of documentation relating to the CA7s filed following January 25, 2002, the date he was sent home because of an unavailability of work and the DOL denied.

> (2) [Complainant] shall also provide written notice to [TG] of his doctor's appointment to have his medical restrictions updated.

> (3) [TG] shall contact [complainant's] assigned office to have a CA17 sent to him for submission to the medical provider at the scheduled appointment.

> (4) Items 1-3 shall be completed by March 14, 2003.

By letter to the agency dated April 17, 2003, complainant alleged that the agency **[*2]** was in breach of the settlement agreement, and requested that the agency specifically implement its terms. Specifically, complainant alleged that the agency failed to contact him as required by the agreement.

In its October 29, 2004 FAD, the agency concluded it had not breached the agreement because its own actions were contingent on complainant first taking certain actions of his own, actions which he had not taken. Specifically, the agency argued that TG had never received the CA-7s from complainant, nor had complainant submitted notification of his

**Attachment 3**

scheduled doctor's appointments. The agency argues that the agency was therefore unable to comply with the terms of the agreement.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. *See Herrington v. Department of Defense,* EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that **[*3]** it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v. Department of Veterans Affairs,* EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. *See Hyon O v. United States Postal Service,* EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co., 730 F.2d 377 (5th Cir. 1984).*

In the instant case, complainant argues on appeal that when he signed the agreement, TG "was not present to provide me with an address or telephone number, or even instructions on where to or whom to leave the information." We note, however that the first provision of the agreement clearly states that the information is to be provided to Injury Compensation at a specific street address **[*4]** in Capitol Heights, MD, 20790. Complainant does not deny that he failed to send the information to the Injury Compensation Office. Instead, he states that "before I signed the settlement agreement, I explained to the agency's lawyer that I would call [TG] at [her work and her cellular telephone numbers]. I left three different messages on [TG]'s telephone alone, instructing her that the information I had agreed to provide would be left at the Southern Maryland EEO Office where the settlement agreement was signed." Complainant does not provide an address for the location where he left such information, but we note that the settlement agreement bears a stamp that says "Equal Employment Opportunity Office, Capitol Heights, MD, 20790." It is therefore reasonable to assume that this is the location of the office where the agreement was signed and where complainant left the information. We further note that evidence of record indicates that there is an agency EEO office at the same street address as the Injury Compensation Office.

While complainant has not explained why he did not send the required information to the Injury Compensation Office, as explicitly stated in the agreement, the **[*5]** evidence does indicate that he sent the information to the correct street address. However, he has not shown that such information was submitted by March 14, 2003, as per the agreement. Given that complainant addressed the information to the EEO Office and not the Injury Compensation Office, and has not shown that such information was timely submitted, he has not provided sufficient evidence to show that the agency breached the agreement when it failed to respond. We therefore AFFIRM the FAD.

**LOAD-DATE:** May 13, 2005

Source: Legal > / . . . / > Equal Employment Opportunity Commission Public Sector Decisions ⓘ
Terms: keith w/3 diggs and date aft 4/1/05  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, September 30, 2005 - 2:25 PM EDT

Case 1:05-cv-01112-EGS    Document 11-5    Filed 11/18/2005    Page 3 of 3

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.