IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH B. DIGGS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) Case No. 1:05CV-1112 (EGS) |
| | ) |
| JOHN E. POTTER, | ) |
| U.S. POSTMASTER GENERAL | ) |
| | ) |
|     Defendant. | ) |

## PARTIES' JOINT REPORT

Pursuant to the Court's October 19, 2005 Order and Fed. R. Civ. P. 26 (f), Plaintiff, Keith Diggs, and Defendant, John E. Potter, U.S. Postmaster, (collectively "the parties") by their undersigned counsel, have conferred and consented to the following discovery plan.

    **1.**    **Likelihood of Disposition by Dispositive Motion**: Plaintiff does not believe that this case can be disposed of by dispositive motions. Defendant has filed a dispositive motion and believes this case can be disposed of by dispositive motion.

    **2.**    **Joining Additional Parties**: Plaintiff shall file his request for leave to join additional parties or amend pleadings on or before **December 16, 2005**. Defendant shall file its request for leave to join additional parties or amend pleadings on or before **January 16, 2006.** Some of the legal issues are capable of being narrowed.

    **3.**    **Assignment to a Magistrate Judge**: The parties do not wish to have this case assigned to a Magistrate Judge for all purposes.

4. **Possibility of Settlement**: Although the parties have not engaged in settlement discussions, the Plaintiff believes that there is a realistic possibility of settling this case. Defendant believes that settlement will not be necessary as the case can be disposed of by the motion filed. However, the Defendant remains open to any reasonable settlement offer.

5. **Alternative Dispute Resolution**: Plaintiff believes this case could benefit from ADR, and counsel has advised the plaintiff client about the benefits of ADR  Plaintiff also believes that this case could benefit from neutral case evaluation, which should begin implemented prior to the taking of any discovery.  Defendant believes that ADR will not be necessary as the case can be disposed of by the motion filed. However, the Defendant remains open to any reasonable offer.

6. **Motion to Dismiss/Summary Judgment:**  Oppositions to summary judgment should  be filed withing 30 days after the motion for summary judgment has been filed and replies 15 days thereafter.  A decision should be made within 45 days after the reply has been filed.

7. The parties shall exchange initial disclosures pursuant to Rule 26(a)(1) of   the Federal Rules of Civil Procedure on or before **December 28, 2005.**

8. **Discovery:**  All discovery, except for the deposition of expert witnesses,  must be completed on or before **Monday, June 15, 2006**.    The parties agree that neither party shall serve more than thirty (30) interrogatories, including parts and sub-parts nor take more than five (7) non-party, non-expert depositions without leave of court. There should be no limit on either request for production of documents or request for admissions. There might be a need for protective orders to protect medical and personnel files of employees involved.

9.      **Expert Disclosures**: The parties shall make expert disclosures as required by Rule 26 (a) (2) on or before **April 7, 2006** for issues on which they bear the burden of proof. Opposing reports shall be due on **May 9, 2006**. Expert depositions should take place no later **July 14, 2006.**

10.     **Class Actions**: This case does not involve a class action.

11.     **Bifurcation of Trial and/or Discovery:** Neither trial or discovery in this case should be bifurcated.

12.     **Pre-trial Conference:** The date for pretrial conference should be delayed until after the filing of dispositive motions.

13.     **Setting of Trial Date**: A trial date should be set at the pretrial conference.

14.     **Other Matters:**

(a)     **Electronic Service**: Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties consent to electronic service of pleadings, notices, motions, and other papers required to be served via facsimile transmission and/or electronic mail.  A paper copy of any pleadings so served shall be simultaneously mailed to all counsel.

(b)     **Plaintiff's Brief Statement of case and Statutory Bases**: Plaintiff, an employee of the United States Postal Service, has filed a complaint of discrimination, pursuant to 42 U.S.C. §§ 2000e-5, 16; and 29 U.S.C. §§ 701 and 794 (a); and 29 U.S.C. §633a, alleging that he has been discriminated against on the basis of his disability; his age; his race and in retaliation for seeking to enforce and protect his right.

(c)     **Defendant's Brief Statement of the Case and Statutory Bases**: The Plaintiff has been employed by the Postal Service since February 14, 1987.  Plaintiff alleges retaliation

3

and discrimination based on disability sex, race, age. Plaintiff has launched an impermissible collateral attack on the workers compensation process, as well as an impermissible collateral attack on an arbitration award.  Second, the Plaintiff is unable to show that he is 'aggrieved.' Third, the Plaintiff is unable to show that he is disabled as defined by the Rehabilitation Act. Finally, the Plaintiff is unable to establish a prima facie case of discrimination based on sex, race, age, disability or retaliation.  Even if the Plaintiff could, he is unable to show that the Postal Service's legitimate, non-discriminatory reasons are pretextual. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.110 (1997); 42 U.S.C. § 12102(2)(A);5 U.S.C. § 8102; 39 U.S.C. §§ 1001-1011, 1201-1209 and  28 U.S.C. §§ 2671-2689.

Respectfully submitted,

|  |  |
|---|---|
| /s/ <br> Richard E .Patrick#396571 <br> PATRICK HENRY LLP <br> 7619 Little River Turnpike <br> Suite 340 <br> Alexandria, Virginia 22003 <br> (703) 256-7754 <br> (703) 256-7883-facsimile <br> rpatrick@patrickhenry.net | /s/ <br> KENNETH L. WAINSTEIN, # 451058 <br> United States Attorney <br><br> /s/ <br> R. CRAIG LAWRENCE, # 171538 <br> Assistant United States Attorney <br><br> /s/ <br> BENTON G. PETERSON, WI Bar # 1029849 <br> Assistant United States Attorney <br> 555 4th Street, N.W. <br> B Civil Division <br> Washington, D.C.  20530 <br> (202) 514-7238 |

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH B. DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )Case No. 1:05CV-1112 (EGS) |
| | ) |
| JOHN E. POTTER, | ) |
| U.S. POSTMASTER GENERAL | ) |
| | ) |
| Defendant. | ) |

### SCHEDULING ORDER

UPON consideration of the Parties Joint Report, it is hereby:

ORDERED that:

1. Plaintiff shall file his request for leave to join additional parties or amend pleadings on or before **December 16, 2005**. Defendant shall file its request for leave to join additional parties or amend pleadings on or before **January 16, 2006.**
Some of the legal issues are capable of being narrowed.

2. The parties shall exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before **December 28, 2005.**

3. The parties shall make expert disclosures as required by Rule 26 (a) (2) on or before **April 7, 2006** for issues on which they bear the burden of proof. Opposing reports shall be due on **May 9, 2006**. Expert depositions should take place no later **July 14, 2006.**

4**.** All discovery, except for the deposition of expert witnesses, must be completed on or before **Monday, June 15, 2006**. The parties agree that neither party shall serve more than thirty (30) interrogatories, including parts and sub-parts nor take more than five (7) non-party, non-expert depositions without leave of court. There should be no limit on either request for production of documents or request for admissions.

5. A post-discovery status conference shall be held on **July 24, 2006 at 10:00 a.m.**

Signed this _____ day of _____ 2005.

_____
EMMET G. SULLIVAN
United States District Judge