IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH B. DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01112 (EGS) |
| | ) |
| JOHN E. POTTER | ) |
| POST MASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff Keith B. Diggs by counsel, and files his Memorandum of Points and Authorities in Opposition to the Defendant's motion to dismiss or in the alternative for summary judgment based on the grounds as set forth below:

### I.     INTRODUCTION

The Defendant has filed a motion to dismiss or in the alternative for summary judgment seeking to dismiss Mr. Diggs' complaint. As is detailed below, this Honorable Court should deny the Defendant's motion because the Plaintiff has plead facts sufficient to support his claims. Furthermore, no discovery has been taken in this case, and summary judgment is inappropriate at this stage of the case, and should be reserved until Plaintiff has been allowed to exercise his right pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure. In order to fully determine whether there are genuine issue of material facts in dispute it is necessary that a fuller record be developed through discovery.

Rather than cite to the Complaint in this action, in its Memorandum, Defendant has chosen to rely on the Reports of Investigation (ROI) developed in the EEO process, going as far as utilizing the issues as they were developed by the investigator.

The Plaintiff is entitled to a trial de novo, and it is inappropriate for summary judgment and a motion to dismiss to be based solely on the EEO process and the record developed in that process. Moreover, the EEO record contains insufficient facts on which this Court may base a grant of summary judgment in favor of the Defendant.

For these and other reasons, the Defendant's motion should be denied.

## II.  SUMMARY OF ARGUMENT

A.  The Plaintiff has plead sufficient facts to allege a *prima facie* case of age, race, gender, retaliation, rehabilitation, hostile work environment and disparate treatment discrimination.

B.  The Plaintiff has exhausted his administrative remedies.

C.  Summary judgment is inappropriate at this time because the Plaintiff has not had the opportunity to engage in discovery.

## III.  PLAINTIFF'S RESPONSES TO DEFENDANT'S RECITATION OF MATERIAL FACTS WHICH DEFENDANT CLAMS ESTABLISHES A GENUINE DISPUTE

Defendant has set forth 23 separately numbered facts, which contain multiple statements, on which Defendant relies to support its motion for summary judgment.

The facts, as presented by the Defendant, are all taken from the EEO investigatory reports, which the Defendant cites as "ROI." The facts in the ROI comprise affidavits, statements and other materials supplied mostly by the Postal Service and its employees.

To the extent that these facts are material, Plaintiff is not able to present opposing facts to contradict the Defendant's assertions because Plaintiff has not been able to engage in any discovery to ascertain additional facts in his support of his allegations. Once Plaintiff engages in discovery, he will be able to present sufficient facts to contradict Defendant's asserted material facts. For this reason, Plaintiff has not responded substantively to Defendant's asserted material facts.

### IV. LEGAL STANDARDS FOR MOTION TO DISMISS AND SUMMARY JUDGMENT

#### A. Motion to Dismiss

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiff and his allegations are taken as true. Scheuer v. Rhodes, 416 U.S. 232 (1974). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court should "assume the truth of the allegations in plaintiff's complaint and liberally construe the possible theories of liability asserted there." Zoelsch v. Arthur Andersen & Co., 824 F.2d 27, 33 (D.C. Cir. 1987); See also, Shear v. National Rifle Ass'n, 606 F.2d 1251, 1253 (D.C. Cir. 1979). A court should not dismiss a complaint even if it appears on the face of the pleadings that the chance of recovery is very remote. Scheuer, 416 U.S. at 236.

**B.    Summary Judgment**

Summary judgment is appropriate only when there are no genuine issues of material fact. *See* Celotex v. Catrett, 477 U.S. 317, 323 (1986). In evaluating summary judgment motions, the court must view all evidence in the light most favorable to the non-movant. Matsushita Elec. Indus. Co., Ltd. v. ZenithRadio Corp., 475 U.S. 574, 587 (1986); Anderson v. Zubieta, 180 F.3d 329, 338 (D.C. Cir. 1999). As the moving party, defendant Post Master may only prevail on a motion for summary judgment if he is able to show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law". Rule 56(c). A genuine issue is a disputed factual matter or inference that, if credited, could establish a claim or a defense and thereby affect the outcome of the action. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The materiality of these factual matters, in turn, is determined by reference to substantive law governing the claims or defenses presented in the litigation. Anderson, 477 at 248.

Facts are material if they affect the outcome of the case, and there is a genuine issue of material fact if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the record as a whole. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

"Summary judgment or a directed verdict is mandated where the facts and the law will reasonably support only one conclusion." McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 356, 112 L. Ed. 2d 866, 111 S. Ct. 807 (1991). It is error for the district court to resolve the disputed facts at the summary judgment stage. Hunt v. Cromartie, 526 U.S. 541, 741-42 (1999).

Summary judgment should not be sustained unless the record, when considered as a whole, precludes a rational trier-of-fact from a finding for the non-moving party. Liberty Lobby, Inc., 477 U.S. at 248-249. The role of the trial court at the summary judgment stage is limited to discerning whether there are genuine issues of fact as opposed to deciding those issues. Lafond v. General Physics Corp., 50 F.3d 165, 172 (2d Cir. 1995). Recognizing its "drastic nature," the Courts of Appeal have consistently cautioned against granting summary judgment "unless it is perfectly clear that there are no genuine issues of material fact in the case and especially in employment discrimination cases, as here, when the state of mind is a decisive element of a claim... " Ballinger v. North Carolina Agricultural Extension Service, 815 F.2d 1001, 1004-05 (4th Cir. 1987) (internal citations omitted). Accord: Young In Hong v. Children's Mem. Hosp., 993 F.2d 1257, 1261 (7th Cir. 1993) (Summary judgment is "often an inappropriate method of resolving Title VII claims in which the [issue of] intent . . . is the central issue."); Gallo v. Prudential Residential Services, 22 F.3d 1219, 1222, (2d Cir. 1994) ("A trial court must be cautious about granting summary judgment [in a discrimination case] when . . . the central issue is intent . . .").

Summary judgment should be granted "sparingly in employment discrimination cases." Hardin v. Hussmann Corp., 45 F.3d 262, 264 (8th Cir. 1995); Morrison v. Nissan Motor Co., Ltd., 601 F.2d 139, 141 (4th Cir. 1979) (Credibility is often determined "after observation of the

demeanor of the witnesses…."). Such restraint is particularly appropriate since matters of credibility and inference, including motive and pretext, are paramount in employment discrimination cases. *See, e.g.,* Shager v. Upjohn Co*.,* 913 F.2d 398, 402 (7th Cir. 1990). Matters of credibility, of course, are best determined based on the "observation of the demeanor of the witnesses." Morrison v. Nissan Motor Co., Ltd., 601 F.2d 139, 141 (4th Cir. 1979). As the Supreme Court recently observed, "it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000). *Accord*: Aka v. Washington Hospital Center, 156 F.3d 1284, 1290 (D.C. Cir. 1998)(*en* banc). For this reason as well, an employer's articulation of inconsistent or inherently incredible explanations for the disputed employment action may constitute a sufficient ground for denying a motion for summary judgment. *See, e.g.*, Kolstad v. American Dental Assoc*.,* 108 F.3d 1431, 1436 (D.C. Cir. 1997), *vacated and remanded on other grounds*, 527 U.S. 526 (1999); EEOC v. L.B. Foster, 123 F. 3d 746, 753 (3d Cir. 1997), *cert denied*, 118 S. Ct. 1163 (1998).

V. ARGUMENT

A. SUMMARY JUDGMENT IS INAPPROPRIATE WHERE THE PLAINTIFF HAS NOT BEEN ABLE TO ENGAGE IN DISCOVERY

Defendant's Motion is based on the record that has been developed in the Postal Service EEO process, a process during which the parties did not engage in any discovery, and the Plaintiff was denied the opportunity to engage in discovery. Similarly, the parties here have not engaged in any discovery in this current proceeding. The Defendant filed his Motion soon after filing his answer.

Under Rule 56 (f), summary judgment cannot be granted when it is shown that discovery on essential facts relevant to the motion has not been completed. See, Celotex Corp. v. Catrett, 477 U.S. at 326; Athridge v. Rivas, 141 F. Ed 357, 362 (D.C. Cir. 1995).   Furthermore, Rule 56 (f) allows a summary judgment motion to be denied, or the hearing on the motion continued, if the nonmoving party has not had an opportunity to make full discovery. Celotex, 477 U.S. at 326; First Chicago Intern. v. Federal Bureau of Investigation, 216 U.S. App. D.C. 345, 670 F.2d 1164 (1981) *appeal after remand*, 232 U.S. App. D.C. 354, 722 F. 2d 840 (1983).

Since the Plaintiff has not had an opportunity to conduct discovery, and he is entitled to a trial de novo, the Plaintiff should be allowed an opportunity to engage in discovery before this Court considers Defendant's motion for summary judgment. Doe v. United States, 821 F. 2d 694, 697-98 (D.C. Cir. 1987)(plaintiff entitled to a fresh, independent determination of the matter at stake; the court's inquiry is not limited to or constricted by the administrative record, nor is there any deference due the agency's conclusion). *See also* Chandler v. Roudebush, 425 U.S. 840, 862 (1976). Since Federal Rule of Civil Procedure 56 (c) contemplates using discovery to move and oppose summary judgment and plaintiff has presented a declaration pursuant to Federal Rule of Civil Procedure 56 (f) as to the discovery needed.  *See* Exhibit 1 hereto.

Under the current circumstances, the motion for summary judgment should be denied in its entirety without prejudice to being renewed after discovery is completed in this case. *See* First Chicago Int'l v. United Exchange Co., 836 F. 2d 1375 (D.C. Cir. 1988);


 Martin v. District of Columbia Metropolitan Police Dept., 812 F. 2d 1425 (D.C. Cir. 1987);

Black Panther Party v. Smith, 661 F. 2d 1243 (D.C. Cir. 1981); Washington v. Cameron, 411 F. 2d 705 (D.C. Cir. 1969); City of Rome v. United States, 450 F. Supp. 378 (D.D.C. 1978).

    **B.**    **Plaintiff Has Met His Prima Facie Burden on His Age, Race, Gender, Rehabilitation Act and Retaliation Claims**

An employment discrimination complaint need not include specific facts establishing a prima facie case to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-14, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002), But, a plaintiff "must present facts that would establish the elements of each claim." Major v. Plumbers Local Union No. 5, 370 F. Supp. 2d 118, 128 (D.D.C. 2005). 1) That he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.'" Stella v. Mineta, 350 U.S. App. D.C. 300, 284 F.3d 135, 145 (D.C. Cir. 2002) (*quoting* Brown v. Brody, 339 U.S. App. D.C. 233, 199 F.3d 446, 452 (D.C. Cir. 1999)).

    **1.**    **The Plaintiff Has Made Out a Prima Facie Case of Race, Age and Gender Discrimination**

With respect to Plaintiff's age, race and gender claims, the Defendant has conceded that Plaintiff, who is a Black male over 40, has met the first prong. Plaintiff has alleged that he suffered an adverse employment action (denial of accommodation and being placed in a position which violated his medical restrictions ¶¶ 16,17, 22 ); backdating documents to change Plaintiff's seniority (¶18); changing Plaintiff's leave request resulting in loss of pay and benefits and reprimands (¶¶19, 20);

These unfavorable actions give rise to an inference of discrimination because Plaintiff has alleged that others not in his protected category were treated more favorably. During discovery, Plaintiff would be able to develop evidence to help prove his case.

**2.      The Plaintiff Has Made Out a Prima Facie Case of Retaliation**

To make out a *prima facie* case of retaliation, the plaintiff must show 1) that he engaged in protected activity; 2) that the employer took adverse employment action against him; and 3) there exists a causal connection between the two.

The Defendant argues that the Plaintiff has failed to meet the causation element (Memorandum at p. 28). For the purposes of the motion to dismiss, Plaintiff has plead sufficient facts in support of the causation element, and he is not required to "prove" causation at this time.

In Paragraphs 27-29, the Plaintiff has alleged that the Defendant retaliated against him by, among other things, terminating him.  Accordingly, the exhaustion requirement does not apply to those allegations as is argued by the Defendant. *See, e.g.*, Powell v. Castenda. 390 F. Supp 2d 1, 9 ( D.D.C. 2005).

**3.      Plaintiff Has Made Out A Claim of Rehabilitation Act Discrimination**

In order for a plaintiff to establish a *prima facie* case of discrimination under the Rehabilitation Act for failure to accommodate the plaintiff's disability, the plaintiff must show four elements:  (1) plaintiff is an individual with a disability within the meaning of the statute; (2) the employer had notice of the plaintiff's disability; (3) with reasonable accommodation, the plaintiff could perform the essential function of the position; and (4) the employer refused to make the appropriate accommodations. Scarborough v. Natsios, 190 F. Supp. 2d 5, 19 (2002); See, e.g., Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999).

9

The Rehabilitation Act applies to federal employees and expressly incorporates the standards of the ADA for claims of employment discrimination. Lester v. Natsios, 290 F. Supp. 2d 11, 23 n.2 (D.D.C. 2003).

The Plaintiff here has set forth facts in the Complaint addressing all of these elements and establishing a basis for his claim under the Rehabilitation Act.

The Defendant argues that Plaintiff has failed to allege that he was an individual with a disability. In his Complaint Plaintiff alleges that he has a permanent back injury, which affects his ability to stand, bend, stoop and lift, among other things (Complaint ¶ 15). In effect, Plaintiff's has alleged that he is substantially limited in a life function of "working" because his impairment is permanent and not temporary. *See* Lester v. Natsios, 290 F. Supp. 2d 11, 24 (D.D.C. 2003) ("A claimant must . . . demonstrate that the impairment . . . is permanent or long-term."). The Plaintiff has met all the other prongs noted above.

**4.     Plaintiff Has Established a Claim of Disparate Treatment Discrimination**

Plaintiff has plead sufficient facts in support of his claim for disparate treatment discrimination. As with race and age, the Plaintiff here can make out a disparate discrimination claim by establishing that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. Stella v. Mineta, 350 U.S. App. D.C. 300, 284 F.3d 135, 145 (D.C. Cir. 2002) (*quoting* Brown v. Brody, 339 U.S. App. D.C. 233, 199 F.3d 446, 452 (D.C. Cir. 1999)).

One method by which a plaintiff can satisfy the third prong of this test is by demonstrating that he was treated differently from similarly situated employees who are not part of the protected class. *See* Holbrook v. Reno, 339 U.S. App. D.C. 4, 196 F.3d 255, 261 (D.C. Cir. 1999). But this is not the only way.

Whether two employees are similarly situated ordinarily presents a question of fact for the jury." Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000); *See also* Mungin v. Katten Muchin & Zavis, 325 U.S. App. D.C. 373, 116 F.3d 1549, 1555 (D.C. Cir. 1997).

The defendant here has alleged that the Plaintiff cannot make out a case of disparate discrimination because the Plaintiff has failed to show that other employees were similarly situated to him. For the purposes of the motion to dismiss, Plaintiff only has to plead that individuals are similarly situated to him, which he has done (Complaint ¶¶ 19-26).

For the purposes of summary judgment, the Plaintiff must be allowed to engage in discovery to acquire facts to support his claims.

**5.     Plaintiff Has Made Out a Prima Facie Case of Hostile Work Environment**

To determine whether a hostile work environment exists, the court normally looks to the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interferes with an employee's work performance.  Faragher v. City of Boca Raton, 524 U.S. 775, 787-88, 141 L. Ed. 2d 662, 118 S. Ct. 2275 (1998).

Here Plaintiff has made out claims for retaliatory hostile work environment based on race age, gender, age, rehabilitation. *See*, *e.g.*, Runkle v., Gonzales, 391 F. Supp. 2d 210, 227-229 (D.D.C. 2005).

As is noted above, the Plaintiff has satisfied the exhaustion requirement because the incidents, alleged by the Plaintiff comprising the hostile work environment, are part of one unlawful employment practice. Here the Plaintiff has alleged that a hostile work environment was created when the Defendant denied him reasonable accommodations; docked his pay, denied him overtime, placed him on AWOL, changed his leave, worked him outside his medical restrictions, failed to process his workers' compensation claims and terminated him, among other things. These are sufficient facts to make out a prima facie case of hostile work environment because the conduct was sufficiently severe and abusive to alter the terms and conditions of the Plaintiff's employment.

## VI. <u>CONCLUSION</u>

For the reasons stated above, the Plaintiff, Keith B. Diggs, respectfully requests that this Honorable Court deny the defendant's motion to dismiss, or in the alternative for summary judgment. Since the Plaintiff has been denied his right to engage in discovery, summary judgment is premature and should be denied without prejudice to refiling at the conclusion of discovery. *See* <u>First Chicago Int'l v. United Exchange Co.</u>, 836 F. 2d 1375 (D.C. Cir. 1988); <u>Martin v. District of Columbia Metropolitan Police Dept.</u>, 812 F. 2d 1425 (D.C. Cir. 1987); <u>Black Panther Party v. Smith</u>, 661 F. 2d 1243 (D.C. Cir. 1981); <u>Washington v. Cameron</u>, 411 F. 2d 705 (D.C. Cir. 1969); <u>City of Rome v. United States</u>, 450 F. Supp. 378 (D.D.C. 1978).

Respectfully submitted,

KEITH B. DIGGS

By Counsel

PATRICK HENRY LLP


By:_____/s/_____
Richard E. Patrick, D.C Bar # 396571
PATRICK HENRY LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia  22003
(703) 256-7754
(703) 256-7883-fax
rpatrick@patrickhenry.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2005, a true and exact copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment was mailed by first class mail, postage pre-paid, to Benton G. Peterson, Assistant United States Attorney, Judiciary Center Building, 555 4th Street, N.W., Civil Division, Washington, D.C.  20530.

_____/s/_____
Richard E. Patrick