IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH B. DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01112 (EGS) |
| | ) |
| JOHN E. POTTER | ) |
| POST MASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

**AMENDED COMPLAINT OF DISCRIMINATION IN EMPLOYMENT BASED
ON RACE, GENDER , AGE, HANDICAP, DISABILITY AND  RETALIATION**

**I. INTRODUCTION**

1. Keith B. Diggs, by his attorneys, Richard E. Patrick, Maynard M. Henry, Sr. and Patrick Henry LLP, brings this action against John E. Potter, Postmaster General of the United States for trial *de novo*, as provided for under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., specifically 42 U.S.C. § 2000e-5; 42 U.S.C. § 2000e-16 (c) and 29 C.F.R. § 1614.407, which provide for relief against discrimination in federal employment and allow Plaintiff to file suit in federal court against the head of a federal government department, for a trial *de novo*.  The Plaintiff also brings this action for a *de novo* trial pursuant to 29 U.S.C. § 701, *et seq*. and 29 U.S.C. § 794, *et seq.* which prohibit discrimination in the federal government employment based on disability and handicap; 29 U.S.C.§633a, which prohibits age discrimination in federal government employment; and 42 U.S.C. § 2000e-3(a), as amended, which prohibits retaliation against an employee for pursuing his rights.

2.    Plaintiff, a black male, seeks injunctive and declaratory relief to secure the protection of and to redress the deprivation of rights granted to him by the laws of the United States of America.  He also seeks compensatory damages, attorney's fees and costs for violations, pursuant to 42 U.S.C.§ 2000e-5 and 42 U.S.C. § 2000e-16, as amended.  He alleges that, as an employee of the of the United States Postal Service ("Postal Service"), he has suffered invidious discrimination, infliction of emotional distress and mental anguish and was forced to work in a hostile environment as a result of the actions of the defendant and its agents or employees.  He seeks compensatory damages.

3.    The aggregate of defendant's outrageous and unlawful conduct caused grave physical and emotional harm and mental distress to plaintiff.

## II.  JURISDICTION

4.    Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5; 42 U.S.C.§ 2000e-16; 28 U.S.C. 1343(3); 29 U.S.C. §794 (a); 29 U.S.C. §701, et seq.

## III.  VENUE

5.    Venue is proper with this Court because the claims arose in Washington, D.C.

## IV.  PARTIES

6.    Plaintiff, Keith B. Diggs, who was born on June 21, 1956, is a citizen of the United States and is a resident of the District of Columbia, residing at 826 Booker Place, Capitol Heights, Maryland 20743.

7.      Defendant, John E. Potter, is Postmaster General of the United States within the meaning of 42 U.S.C. §2000e-16.  At all times relevant hereto, the employees mentioned herein were employees of the United States Postal Service and were acting within the scope and course of their employment.

### V.  ADMINISTRATIVE PROCEDURES

8.      Since Plaintiff is entitled to a *de novo* trial, for background purposes and for purposes of showing that he has met the exhaustion requirements, Plaintiff recounts, the following administrative procedures.  Pursuant to 29 C.F.R. §1614, in 1998 and 1999, the plaintiff filed the first of his formal complaints with the United States Postal Service, Office of Equal Employment Opportunity.  These complaints were consolidated, and the Agency issued a final decision on May 24, 2004.  The plaintiff filed a timely appeal with the EEOC Office of Federal Operations on June 25, 2004 and the EEOC issued has issued a decision.

9.      In October 2000, the plaintiff filed another complaint alleging discrimination based on race and disability.  The Agency issued a final decision on September 17, 2003, and the plaintiff filed a timely appeal with the EEOC Office of Federal Operations. The Office of Federal Operations issued a decision on March 3, 2005, which was received by the plaintiff on March 5, 2005.

10.     In January 2003, plaintiff filed a final complaint with the USPS EEO office alleging retaliation based on the USPS' decision to terminate plaintiff. The parties entered into a settlement agreement.  When the USPS did not meet the terms of the settlement agreement, plaintiff filed an appeal with the EEOC Office of Federal Operations.  The Office of Federal

Operations issued a decision, which was received by the plaintiff on April 29, 2005. Throughout the administrative process, the Plaintiff was not allowed to engage in any discovery.

## VI.  STATEMENT OF FACTS

11. The plaintiff, a black male, whose birth date is June 21, 1956, has been employed by the Postal Service since February 14, 1987.

12. On May 20, 1997, plaintiff, a tractor trailer operator, filed a claim with the Office of Worker's Compensation Programs for the aggravation of a back injury. The claim was approved.

13. From May 20, 1997 until April 20, 1998, the plaintiff was on injury-related leave. Plaintiff has a partial permanent disability based on the injury to his back.

14. When plaintiff returned to work, he was placed in a light duty position as a mail processor, but on April 29, 1998, the USPS again changed plaintiff's designation.

15. Due to his injury, plaintiff requested "injured on duty" leave, and he was out of work from June 30, 1998 through July 20, 1998. He returned to work on July 22, 1998, with restrictions on standing, bending, stooping and lifting.

16. When he returned to work on April 20, 1998, he was asked for the medical documentation regarding his workers' compensation claim even though such documentation was already in the possession of the relevant USPS employees. At that meeting, the plaintiff was forced to accept a position because he was threatened with a termination of his workers' compensation benefits if he did not accept. Plaintiff later learned that the job, which required plaintiff to stand for eight hours a day violated his medical restrictions. There was no indication on the job offer that plaintiff's position would be changed to part-time flexible.

17. On July 22, 1998, plaintiff learned that his request for "injured on duty" leave was purposefully changed, without his consent, to sick leave. This change affected plaintiff's workers' compensation claim. Plaintiff had previously provided all medical documentation to support his request, and the USPS employees, including Toni Grier, who dealt with employee injury issues, were aware that plaintiff had applied and was granted workers' compensation benefits.

18. In August 1998, the USPS changed plaintiff's designation from a full-time regular employee to a part-time flexible employee, with a backdated effective date of April 25, 1998. This change to a part-time flexible employee affected the plaintiff's seniority and his ability to bid on jobs and overtime and thus his pay.

19. On several occasions in 1999, plaintiff's legitimate request for sick leave was disapproved and changed to annual leave, resulting in leave without pay. In denying the request, Ms. Grier falsely indicated that there was no medical documentation on file for the plaintiff. Ms. Grier failed to provide or provided inaccurate information in response to a request for information to support plaintiff's worker's compensation claims.

20. As a result of the changes, plaintiff was reprimanded and his pay reduced when hours were deducted from his work schedule.

21. In 1998, plaintiff also filed a worker's compensation claim for stress; however, in retaliation, the USPS staff improperly refused to submit plaintiff's claim.

22. In February 1994, September 1995, June 1997, July and August 1998, the plaintiff filed discrimination complaints, alleging among other things, that he was discriminated against by not being given light duty assignments based on his disability and his injury.

23. As a result of plaintiff's complaints, plaintiff's pay was improperly docked for 19.41 hours.

24. The USPS has a policy of granting overtime to individuals when they place their names on an "overtime desired list." For the period 1998 through 2000, when the plaintiff was assigned to the V Street Annex in Washington, D.C., plaintiff placed his name on the numerous desired list on numerous occasions; however, plaintiff who was suffering from a disability and from work-related injuries, was never granted overtime.

25. While plaintiff was denied overtime, other similarly situated white employees, and female employees who placed their names on the overtime desired list, were offered overtime.

26. Plaintiff was denied this overtime in retaliation for having filed complaints of discrimination.

27. On or about January 23, 2002, the plaintiff, who was still suffering form injury and who was working at the Calvert worksite, was notified by the USPS that the Postal Service could no longer provide a position for him and he was in effect terminated.

28. While plaintiff was out of work, he received a letter, dated January 27, 2003, informing him that he was on "an unsubstantiated absence from duty," even though the USPS had ordered plaintiff not to report for work.

29. In another letter, dated September 27, 2004, the USPS again informed the plaintiff that the USPS could not no longer accommodate plaintiff's restrictions and that he must provide documentation to support his absence from January 25, 2002 through the return to duty. Plaintiff had already provided documentation of his injury, which was on file with the USPS.

Plaintiff was warned that he would be place on AWOL status unless he notified USPS of his status. These requests and threats were made by USPS even though it was the USPS who ordered the plaintiff not to show up for work.

30. The USPS' actions in terminating plaintiff and in threatening plaintiff with AWOL were retaliatory and were based on impermissible race, gender, age and disability discrimination.

31. The USPS employees mentioned in this Complaint were acting within the scope and authority of their employment when they took the actions against the plaintiff, and the USPS is responsible for their actions.

32. As a result of the conduct of the defendant and its employees, the plaintiff suffered stress, humiliation and emotional distress, among other things.

33. The conduct of the defendant and its employees made plaintiff's working conditions hostile and intolerable, and plaintiff was unable to properly carry out the functions of the job.

34. Similarly situated individuals who were not in Plaintiff's protected class of age, race, gender, handicap and disability were treated more favorably than Plaintiff in terms of discipline, leave, overtime, accommodation, job placement, workers' compensation procedures and processes and EEO complaint processing, among other things.

## VI. STATEMENT OF CLAIMS

**COUNT I -** **DISCRIMINATION ON THE BASIS OF RACE, GENDER AND DISPARATE TREATMENT IN VIOLATION OF TITLE VII**

35. Plaintiff incorporates the allegations of paragraphs 1 through 32 and in addition avers that:

36. The conduct of the defendant, as set forth above, constitutes the creation of a hostile and abusive working environment, disparate treatment based on gender and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e-et seq in the defendant made the plaintiff's work place intolerable.

**COUNT II-** **DISCRIMINATION IN VIOLATION OF 29 U.S.C. SECTION 621 Et Seq. THE AGE DISCRIMINATION IN EMPLOYMENT ACT AS AMENDED**

37. Plaintiff re-pleads and re-alleges Paragraphs 1-36 above as if fully set forth and in addition states that the facts as alleged above constitute discrimination, based on race, retaliation, and disparate treatment in violation of 29 U.S.C. § 621, et seq. which prohibits discrimination on the basis of age.

38. At the time of the conduct of which plaintiff complains, plaintiff was over 40 years old and individuals who were younger were treated more favorable than individuals with injuries and disabilities; granting of overtime; filing internal worker's compensation claims, and the other discriminatory conduct of which plaintiffs complains.

**COUNT III - DISCRIMINATION ON THE BASIS OF DISABILITY AND HANDICAP**

39. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 38 and, in addition avers that:

40.     The conduct of the defendant, as set forth above, constitutes discrimination on the basis of his disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. in that the defendant discriminated against the plaintiff with respect to his disability, and treated the plaintiff differently because of his disability and his injury.

**COUNT IV - RETALIATION**

41.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 40 and in addition avers that:

42.     The conduct of the defendant, as set forth above, constitutes retaliation in violation of §704 (a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e (3) (a).  It also constitutes retaliation in violation of 42 U.S.C. §§ 701 an d794 (a) and 29 U.S.C. § 633 (a).

43.     Defendant's conduct in subjecting plaintiff to continual and on-going discrimination was outrageous and was intended to cause and did cause plaintiff to suffer physical harm and severe emotional stress.  As a result, plaintiff has been under doctor's care and continues to seek medical treatment for emotional illness.  Defendant's conduct constitutes intentional infliction of emotional distress.

44.     Defendant's conduct in subjecting plaintiff to on-going and continual discrimination was outrageous and caused plaintiff to suffer physical harm and severe emotional stress.  Defendant knew or should have known that its failure to correct the plaintiff's work environment would be harmful to plaintiff, but yet defendant refused to act and showed indifference to plaintiff's situation. Defendant's conduct constitutes negligent infliction of emotional distress.

45. As a result of further and proximate result of the actions or omissions of the defendant or its agents as alleged above in paragraphs 1 through 44, and the consequences proximately caused thereby, plaintiff has suffered emotional trauma, humiliation, loss of benefits, distress, mental anguish, medical expenses and other related costs.

46. The acts and conduct of the defendant and its employees, as alleged above in paragraphs 1 through 45, taken toward the plaintiff were deliberate, malicious, willful, intentional and were done to purposefully cause damage to the plaintiff, and did cause damage to plaintiff, requiring an award of damages.

## VII. **PRAYER FOR RELIEF**

47. Wherefore, Plaintiff prays for a judgment in his favor and against the defendant, and that the following relief be awarded to the plaintiff:

1) Issue a declaratory judgment that defendant's acts, policies and practices complained of herein violated plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and The Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, et seq.

2). Issue a preliminary and permanent injunction:

(a) Prohibiting defendant, its agents and employees and those acting in concert with it from engaging in any other acts or practices shown to discriminate against the plaintiff and similarly situated individuals.

3) On Count I for discrimination in violation of the Civil Rights Act of 1964, compensatory damages in the amount of $300,000;

4) On Count II for age discrimination, damages in an amount awarded by the Court.

5) On Count III for handicap and disability discrimination compensatory damages in the amount $300,000;

5) On Count IV for retaliatory discrimination compensatory damages in the amount $300,000;

6) That the Plaintiff be reinstated to his position or a comparable position and be awarded backpay and other benefits to which he is entitled;

7) Grant plaintiff his attorney's fees and costs;

8) Grant such additional relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff hereby demand a jury trial on each and every count.

Respectfully submitted,

KEITH B. DIGGS

By Counsel
PATRICK HENRY LLP

By:_____/s/_____
Richard E. Patrick, D.C Bar # 396571
PATRICK HENRY LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia  22003
(703) 256-7754
(703) 256-7883-fax
rpatrick@patrickhenry.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2006, a true and exact copy of the foregoing First Amended Complaint was mailed by first class mail, postage pre-paid, to Benton G. Peterson, Assistant United States Attorney, Judiciary Center Building, 555 4th Street, N.W., Civil Division, Washington, D.C. 20530.

                                                          _____/s/_____
                                                             Richard E. Patrick