EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

202
314-6820

| | |
|---|---|
| Keith B. Diggs,<br>    Complainant,<br><br>      v.<br><br>William J. Henderson, Postmaster General,<br>  U.S. Postal Service,<br>      Agency. | EEOC No. 100-A1-7275X<br><br><br>Agency No. 1K-201-0121-98<br><br>Date: **February 27, 2001** |

## ACKNOWLEDGMENT ORDER

On December 6, 2000, this office received Complainant's request for a hearing in the above-captioned matter. The Equal Employment Opportunity Commission's (EEOC) federal sector EEO complaint processing regulations pertaining to hearings are found at 29 C.F.R. § 1614.109 (2000) and EEOC's EEO Management Directive 110 Chapter 7 (Nov. 9, 1999) (hereinafter referred to as MD-110), which are available on-line at http://www.eeoc.gov.

**IT IS HEREBY ORDERED** that the parties follow the procedures set forth in this Order. **Failure to follow the orders of an Administrative Judge, or to comply with the Commission's regulations, may result in sanctions, such as cancellation of the hearing, dismissal of the complaint, an adverse inference, default judgment, or payment of the opposing party's costs including attorney's fees.** See 29 C.F.R. § 1614.107(a)(7); § 1614.109(b); § 1614.109(f)(3).

### I.    IMPORTANT DEADLINES

You are responsible for complying with the instructions in this Acknowledgment Order. A table summarizing important filing deadlines is attached. Please note that all time periods that are stated are measured in calendar days. Deadlines falling on a weekend day or holiday are extended to the next business day.

### II.    CORRESPONDENCE AND MOTIONS

Correspondence sent to this office shall be typewritten, addressed to the appropriate Administrative Judge, and include the EEOC Number appearing in the caption above. Each party must provide the opposing party with a copy of all correspondence that s/he sends to the Administrative Judge. Failure to provide a copy of submissions to the opposing party (as demonstrated by attachment of a certificate of service) may result in rejection and/or return of such submissions without EEOC action. Other than to clarify a procedural issue, it is inappropriate for the parties to engage in *ex parte* (one-sided) communication with the Administrative Judge.

Correspondence, including motions, **shall not exceed 15 pages**, typewritten and double-spaced, in 12 point font. Additionally, **multiple filings addressing the same point of law or fact are not permitted.** There is no page limit on attachments to motions. Should the parties wish to exceed the page and filing limitations, specific permission must first be obtained from the Administrative Judge.

Submissions will be deemed timely filed if they are delivered in person by 5:00 p.m. on the due date, received by facsimile by 5:00 p.m. on the due date, or postmarked by the due date. Any submissions (correspondence, motions and/or attachments) exceeding 20 pages **may** not be faxed; they must be hand-delivered or postmarked by the due date. Written submissions should be sent either by mail or by facsimile, but not both. Failure to comply with these requirements may result in rejection and/or return of such submissions. **Responses to motions, other than summary judgment motions, are due within 10 days of service of the motion.**

Extensions of filing dates and postponements will not be granted, absent a prompt request in writing and a showing of good cause. To request an extension or continuance, a party must first consult with the opposing party, promptly provide a written justification for the request along with supporting documentation, if appropriate, and specify mutually acceptable alternate dates or filing deadlines after consulting with the opposing party. The requesting party shall also indicate whether the opposing party has an objection to the request. With any motion submitted to the Administrative Judge, the moving party is required to provide a proposed order for the Administrative Judge's signature.

## III.  DESIGNATION OF REPRESENTATIVE

The parties shall expeditiously submit the attached "Designation of Representative/Election to Proceed Pro Se" form to the Administrative Judge, with a copy to opposing party. There is a continuing obligation to provide the Administrative Judge with the necessary information to contact the parties at all times throughout the proceedings. Complainants may proceed with, or without, legal representation; however, failure to obtain legal representation will not be grounds for postponement of the proceedings. If a pro se party obtains representation after submitting the referenced form, s/he must promptly notify the Administrative Judge and the opposing party of the change.

## IV.  AMENDMENT AND CONSOLIDATION OF COMPLAINTS

Pursuant to 29 C.F.R. § 1614.106(d), a complaint may be amended to add claims that are like or related to the original complaint. Before the close of discovery, the Complainant may request permission to amend the complaint from the Administrative Judge by filing a motion. The Administrative Judge also has discretion to consolidate complaints pursuant to 29 C.F.R. § 1614.606.

## V.  PARTIAL DISMISSALS

The parties have **15 calendar days from receipt of this Order** to identify any claims the Agency has dismissed from the complaint during the Agency investigative process pursuant to 29

C.F.R. § 1614.107 and to comment on the appropriateness of each dismissal. In its comments, each party must address whether Complainant filed an appeal with the EEOC, Office of Federal Operations, regarding the dismissal, and identify the date of the appeal and the corresponding docket number. Once the opportunity for identification and comment has passed, the Administrative Judge will determine, pursuant to 29 C.F.R. § 1614.107(b), the appropriateness of the Agency's decision to dismiss each claim. See also MD-110 at 5-24 to 5-25. If the Complainant fails to oppose in writing the dismissal of a claim within the 15-day comment period, the opportunity to have the dismissal reviewed by the Administrative Judge shall be deemed waived.

## VI.   PRELIMINARY DISCUSSIONS AND SETTLEMENT

The parties shall make reasonable efforts to voluntarily settle the complaint of discrimination as early as possible, and throughout the administrative processing of the complaint. 29 C.F.R. § 1614.603. If the parties settle the complaint, they shall immediately send the Administrative Judge a copy of the settlement agreement, signed by both parties.

## VII.   DISCOVERY

The parties are hereby authorized to commence discovery, pursuant to 29 C.F.R. § 1614.109(d). "Discovery" is a procedure that enables each party to obtain information regarding the case from the opposing party. Discovery requests may take the following forms: (a) one set of interrogatories containing no more than 30 questions, with no subparts; (b) one set of requests for no more than 30 admissions of facts; (c) one set of no more than 30 requests for production of documents; (d) stipulations; (e) a reasonable number of depositions; and (f) by more informal methods agreed to by the parties. **Discovery requests and answers shall be sent to the opposing party and should not be sent to the Administrative Judge except as an attachment to a Motion to Compel Discovery.**

If a party wishes to request information through any of the first three discovery methods identified above (interrogatories, requests for admissions, or requests for documents), s/he must file such discovery request **within 20 calendar days from receipt of this Order**. Parties shall respond to these types of discovery requests **within 15 calendar days of receiving the request.** Outside of discovery, there are no other opportunities to request information or documents during the hearings process. See MD-110 at 7-22 to 7-23 (Failure to Request Discovery Implies Waiver of Subsequent Requests for Documents). **All discovery shall be completed within 70 calendar days of the date of this Order.**

Failure to respond timely, or to respond fully, to a discovery request, shall form the basis for a Motion to Compel Discovery. Before bringing a discovery dispute to the attention of the Administrative Judge, the parties shall make reasonable attempts to confer and resolve the dispute **within 5 calendar days** of the expiration date for responding to a discovery request. If the parties are unable to resolve the dispute, the party requesting discovery may file a motion with the Administrative Judge, requesting that the other party be compelled to respond ("Motion to Compel Discovery").

A motion to compel discovery may be filed no later than **5 calendar days from the deadline**

3

for conferring to resolve the discovery dispute. Motions to compel discovery shall include the discovery requests/responses in dispute and a certification from the parties that they have attempted to resolve the dispute. In addition, when the moving party has received a discovery response, but is dissatisfied with the content of the response, his/her motion to compel discovery must also include a specific explanation as to why each of the opposing party's objections to providing the information is not valid.

Opposition to a motion to compel discovery shall be filed within **10 calendar days of receipt of the motion to compel discovery**. The Opposition shall include a specific explanation as to why each of the objections to providing the information is valid.

## VIII.  SUMMARY JUDGMENT

EEOC regulations authorize the Administrative Judge to decide EEO complaints without holding a hearing where s/he concludes that a decision through the "Summary Judgment" procedure is appropriate. See 29 C.F.R. § 1614.109(g).

Either party may, on his or her own motion, request that the administrative judge decide all or some of the claims in a case, without a hearing, by filing a Motion for Summary Judgment. Such motions are due **not later than 15 calendar days after the close of the discovery period.** The other party's response to a motion for summary judgment is normally due within **15 calendar days of receipt of the Motion. However, if the Summary Judgment Motion is filed before the conclusion of the discovery period, the other party's response is due not later than 15 calendar days after the close of discovery.** Motions for Summary Judgment and Responses must include citations to specific pages of the Report of Investigation and any documents filed with the submission.

Alternately, the Administrative Judge may, on his/her own initiative, notify the parties that s/he expects to decide the case through the summary judgment procedure. 29 C.F.R. § 1614.109(g)(3). In those circumstances, the Administrative Judge will provide the parties with instructions for filing submissions addressing summary judgment.

Dated: February 27, 2001

/s/ Gladys O. Collazo
Administrative Judge
Telephone: (202) 275-0073
Facsimile:  (202) 275-0076

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, NW., Suite 200
Washington, D.C. 20005

| | | |
|---|---|---|
| Keith B. Diggs,<br>Complainant, | )<br>)<br>)<br>) | EEOC No. 100-A1-7475X |
| v. | )<br>) | |
| William J. Henderson, Postmaster General,<br>U.S. Postal Service,<br>Agency. | )<br>)<br>)<br>)<br>) | Agency No. 1K-201-0121-98<br><br>Administrative Judge: Collazo |

## DESIGNATION OF REPRESENTATIVE

I, _____, hereby designate the following individual as the representative for the [check one:
__ COMPLAINANT __ AGENCY] in the above-referenced EEOC case:

_____    _____    _____
Name of Representative           Telephone No.                Facsimile No.

Address:    _____

_____

_____

_____

E-mail Address: _____


_____    _____
Signature of Complainant/Agency Official    Date
Authorizing the Foregoing Designation

## ELECTION TO PROCEED PRO SE

I, _____ [COMPLAINANT], will proceed without a representative in the above-referenced EEOC case.

Complainant, please also provide your current address, telephone number, fax number, and E-mail address:

_____

_____

Telephone #: _____

E-mail Address: _____

5



# TABLE OF FILING DEADLINES

The foregoing Acknowledgment Order specifies various time limits and other requirements for participating in the EEOC hearings process. The following table highlights some time limits in the hearings process in an effort to focus attention on upcoming deadlines. The parties are, nevertheless, required to read the Acknowledgment Order in its entirety and comply with all of the directions it sets forth. Time limits are calculated in calendar days; however, if the due date falls on a weekend or day when the federal government is otherwise closed, the next day the government is open will serve as the due date.

| Action | Time limit |
|---|---|
| Completion of Designation of Representative form (Section II) | As soon as possible |
| Identification of claims Agency dismissed and other pending complaints (Sections III & IV) | 15 days from receipt of Acknowledgment Order |
| If desired, initiation of written discovery (Section VII) | 20 days from receipt of Acknowledgment Order |
| Respond to opposing party's requests for written discovery (Section VII) | 15 days from receipt of discovery request |
| Contact with other party to discuss discovery disputes (Section VII) | 5 days from deadline for responding to discovery request |
| Motion to Compel Discovery (Section VII) | 5 days from deadline for conferring to resolve discovery dispute |
| Response to Motion to Compel Discovery (Section VII) | 10 days from receipt of Motion to Compel Discovery |
| Amendments to complaints (Section IV) | before close of discovery |
| Completion of discovery (Section VII) | 70 days from date of Acknowledgment Order |
| Motion for Summary Judgment (Section VIII) | 15 days after close of discovery period |
| Response to Motion for Summary Judgment (Section VIII) | 15 days after receipt of Motion for Summary Judgment or 15 days after close of discovery period; whichever is later. |

6





## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

1400 L Street, N.W., Suite 200
Washington, D.C. 20005
(202) 275-7377
TTY (202) 275-7518
FAX (202) 275-6834 & 0025

## <u>WASHINGTON FIELD OFFICE HEARING PROCEDURES</u>

The Washington Field Office (WFO) receives over 1,000 new cases each year. To serve all parties better and ensure timely and efficient case processing, WFO is publishing this information on hearing procedures. Questions regarding procedures and cases should be directed to (202) 275-6635.

### *Screening and Acknowledgment Orders*

After being docketed, each case undergoes a preliminary assessment of whether it may be appropriate for summary judgment or whether it may require a hearing. After the case is screened, the parties are sent an Acknowledgment Order, which contains detailed information on the steps in the adjudication process, deadlines, and filing requirements. **Parties must follow the directions given in the Acknowledgment Order. Deadlines, page limitations, proper service on the other party and other procedural requirements in the Order will be strictly enforced. A party who fails to comply with the Order will be appropriately sanctioned. A late, lengthy, or otherwise improper pleading may be stricken from the record.**

### *Settlement and Mediation*

Cases that are appropriate for summary judgment or a bench decision will generally be assigned to an administrative judge for adjudication. Cases that require extensive hearings will be assigned to an administrative judge for a settlement conference. Alternatively, the case may be assigned to WFO's mediation program. The purpose of a settlement conference or mediation is to reach a compromise to resolve the case without further unnecessary expenditure of time and money. Attendance and good faith participation in the settlement conference or mediation are mandatory. An agreement to resolve a case must be reduced to writing and signed by the parties. Any case not resolved in a settlement conference or mediation will be assigned to an administrative judge for a decision. Case files will be purged of information exchanged during settlement or mediation efforts.

### *Prehearing Matters*

The administrative judge who will decide the case has broad authority to determine how the case will proceed, including whether a hearing is necessary, the scope of the hearing if one is held, and what evidence, including witness testimony, is required to decide the case. Proceedings may vary depending on the administrative judge's assessment of what is appropriate in the particular case. **Complainants must be prepared to prosecute their cases properly and in a timely way whether or not they are represented by counsel.** Likewise, the parties must follow the orders of the judge on production of evidence and other requirements of their participation in the process or face appropriate sanctions. These sanctions may include an award of attorney's fees to the other party, removal of a representative committing misconduct, an adverse inference that missing evidence would be detrimental to the party not producing it, exclusion of evidence offered by a party, complete or partial dismissal of the Complainant's case or default judgment against the Agency, or

other action proportionate to the offense.

Administrative judges, at their discretion, may order the parties to: produce evidence omitted from the investigative report; respond to a notice of proposed summary judgment; submit witness lists with a description of the testimony, proposed hearing exhibits, or comprehensive prehearing reports; proffer evidence in support of a compensatory damages claim; present arguments or evidence on a notice or motion for summary judgment; or come forward with any other information or take other action the judge deems appropriate. If the case is not decided by summary judgment, the administrative judge may rule on witnesses and other prehearing matters in writing based on the parties' submissions, or may choose to hold a prehearing conference in person or by telephone. At the prehearing conference, the judge may clarify issues if necessary, rule on witnesses, explain proof standards and hearing procedures, make further attempts at settlement of the case or address any other logistical or substantive matters in preparation for the hearing. Attempts at settlement are encouraged at all times, and the parties may always ask for the assistance of the administrative judge in facilitating a settlement agreement.

Discovery is automatically authorized in the Acknowledgment Order, which gives the parties an appropriate period, generally 45 to 70 days, to complete the process. Discovery must be limited to obtaining relevant information and may not be used to harass the other party. Involvement of the administrative judge in the discovery process should be rare and will take place only if the parties have made a genuine effort to resolve their dispute on their own.

Any requests for deviation from the Acknowledgment Order, including deadlines or length of pleadings, or from any other order of the judge must be in writing, timely and well justified. All motions and other inquiries must also be in writing, with a proposed order for the judge's signature if appropriate. **Any written submission should be sent by mail or facsimile but not both.** No fax may be more than 20 pages, and a fax may not be submitted after 5:00 p.m. on the day the submission is due.

### Hearings and Decisions After Hearing

Hearings follow the format of a trial. Each party must be prepared to present its case succinctly through sworn testimony and relevant exhibits. The administrative judge controls the conduct of the hearing and may request opening or closing statements, limit or compel testimony, and admit or exclude exhibits as he or she sees fit. The judge may also exclude any person who is disruptive. Hearings on the merits of a case and on compensatory damages will not be bifurcated except in unusual cases. The parties may be asked to submit closing briefs or proposed findings of fact and law in appropriate cases on a schedule determined by the judge. The administrative judge may issue a decision from the bench or issue a written decision after receipt of the hearing transcript. Written decisions will generally be issued within fifteen (15) working days after receipt of the transcript.

*Fairness and Impartiality*

All parties are entitled to have complaints handled by administrative judges with fairness and impartiality. Frivolous complaints or complaints of dissatisfaction with a judge's ruling on a motion or decision will not be entertained. However, complaints of improper conduct or violations of ethics should be made in writing to the WFO Director, who will investigate the matter and notify the parties of his determination. Complaints should be addressed to:

> Tulio L. Diaz, Jr., Director
> Washington Field Office
> U.S. Equal Employment Opportunity Commission
> 1400 L Street, NW Suite 200
> Washington, DC 20005

To:

> Keith B. Diggs
> 9304 Edmondson Road
> #203
> Greenbelt, MD 20770-2918
>
> Richard Patrick
> 6387 Little River Turnpike
> 2nd Floor
> Alexandria, VA 22312-5002
>
> Thomas Marshall, Managing Counsel
> Capital Area & Mid-Atlantic Office
> 400 Virginia Avenue, SW., Suite 650
> Washington, DC 20024-2730

J. F. Thompson
Legal Technician

9