UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH B. DIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1112 (EGS) |
| v. ) | |
| ) | |
| JOHN E. POTTER, ) | |
| POST MASTER GENERAL ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Keith Diggs was an employee of the United States Postal Service ("USPS") and has commenced this action alleging discrimination based on race, sex, age, physical disability, and retaliation. Defendant moves to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), arguing that plaintiff has failed to exhaust administrative remedies as to some of his claims and that he has failed to state a claim upon which relief may be granted as to all of his claims.  In the alternative, defendant moves for summary judgment under Fed. R. Civ. P. 56 asserting that plaintiff is unable to show that he has suffered adverse employment actions, that he is not disabled as defined by the Rehabilitation Act, that he has failed to establish a prima facie case of discrimination based on sex, race, age, disability and retaliation, and that he has launched a

1

collateral attack on the workers compensation process.[1]  In response, plaintiff asserts that summary judgment is inappropriate at this time because he has not had the opportunity to engage in discovery and that he has met the pleading requirements to overcome defendant's motion to dismiss. Upon consideration of the defendant's motion, the response, and reply thereto, the Court DENIES defendant's motion.

**I.   STANDARD OF REVIEW**

A plaintiff faced with a Fed. R. Civ. P. 56 summary judgment motion who has not taken discovery may file a statement pursuant to Fed. R. Civ. P. 56(f) that he needs additional time and discovery to respond to the defendant's motion. *See* Fed. R. Civ. P. 56; *First Chicago Intern v. United Exchange Co., Ltd*. 836 F.2d 1375, 1380 (D.C. Cir. 1988).  Here, the plaintiff has submitted an affidavit that indicates that he is invoking the protections of Rule 56(f) in good faith. *See id.* ("[t]he purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition.").

Although defendant posits that no material facts are genuinely disputed in this case and that plaintiff has failed to

---

[1] Defendant heavily relies on the Report of Investigation ("ROI") from the administrative proceeding in support of its motion for summary judgment.

identify facts that would be ascertainable in discovery, the Court concludes that, at this juncture, the plaintiff has adequately refuted defendant's assertions to warrant discovery.[2] Therefore, the Court is not inclined to consider defendant's motion for summary judgment without first allowing plaintiff some factual discovery.

## II. DEFENDANT'S MOTION TO DISMISS

The Court will now focus on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) and lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). The Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts

---

[2] Plaintiff alleges that his leave request form was purposefully changed by his employer from "injured on duty" leave to sick leave, which ultimately affected his workers' compensation claim, *see* Compl. ¶ 17; Pl.'s Opp., 10; that documents related to his employee designation were backdated by his employer which affected his seniority status, his ability to bid on jobs, and overtime, *see* Compl. ¶ 18; Pl.'s Opp., 10; that his disability was not accommodated and that he was placed to perform duties which violated his medical restrictions, *see* Compl. ¶ 22-23; Pl.'s Opp., 10. Further, the Court finds that whether or not plaintiff was retaliated as a result of the filing of his EEO complaints is a matter of fact that cannot be decided without a more developed record.

Moreover, defendant argues that affidavits presented during the administrative proceeding are sufficiently detailed to grant summary judgment without discovery. The cases defendant relies on, however, are FOIA cases, and therefore, are inapposite. *See Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) (typically, FOIA actions are resolved without discovery).

in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Accordingly, at this stage of the proceedings, the Court accepts as true all of the complaint's factual allegations. *See Does v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). Plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is virtually identical to that used for 12(b)(6) motions. *See, e.g., Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction. *Id.*

### A.  Plaintiff Has Exhausted His Claims in Paragraphs 27-29 of His Complaint.

Defendant argues that because plaintiff has not exhausted his administrative remedy with regard to allegations contained in paragraphs 27-29 of his complaint, those allegations should be dismissed. Plaintiff does not allege that those allegations were properly exhausted. Rather, he argues that the exhaustion requirement does not apply to allegations of retaliation. Therefore, the question before the Court is whether plaintiff

must exhaust his administrative remedies for allegations of retaliation when the acts of alleged retaliation occurred after an administrative complaint had already been filed.

"It is generally accepted that the exhaustion of administrative remedies doctrine does not apply to claims based on alleged retaliation." *Baker v. Library of Congress*, 260 F. Supp. 2d 59, 66 n. 4(D.D.C. 2003) (citing *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). *See also Turner v. District of Columbia*, 383 F. Supp. 2d 157, 178 (D.D.C. 2005); *Contreras v. Ridge*, 305 F. Supp. 2d 126, 135 (D.D.C. 2005); *Marshall v. James*, 276 F. Supp. 2d 41, 54 (D.D.C. 2003); *Hayes v. Shalala*, 902 F. Supp. 259, 266 (D.D.C. 1995). Claims of retaliation must, "[a]t a minimum...arise from the administrative investigation that can reasonably be expected to follow the underlying charge of discrimination." *Park v. Howard Univ.*, 71 F.3d 901, 907 (D.C. Cir. 1995).

In paragraphs 27-29 of his complaint, plaintiff alleges that the defendant retaliated against him by, among other things, terminating him subsequent to the filing of his administrative complaint. Compl. ¶ 27. Therefore, plaintiff's claims of retaliation may proceed in federal court without first exhausting administrative remedies.[3]

---

[3] In its reply, defendant argues that plaintiff's reliance on *Powell v. Castenda*, 399 F. Supp. 2d 1, 9 (D.D.C. 2005) for its proposition that plaintiff need not exhaust his administrative

### B.   Plaintiff Has Stated Claims of Discrimination and Retaliation Upon Which Relief May be Granted.

In *Sparrow v. United Air Lines, Inc.*, the D.C. Circuit held that, in an employment discrimination case, "plaintiff need not set forth the elements of a prima facie case at the initial pleading stage." 216 F. 3d 1111, 1115 (D.C. Cir. 2000). *See id.* (agreeing with the conclusion that "because racial discrimination in employment is a 'claim upon which relief can be granted,'...'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6)."). In view of such a liberal pleading requirement, the Court finds that plaintiff has alleged sufficient facts in his complaint to support his allegations of discrimination based on race, age and gender.

Plaintiff has alleged that he is an African American male over the age of forty who has suffered adverse employment actions, such as denial of overtime opportunities, his leave form was purposefully changed which adversely affected his workers compensation, and lack of accommodation for his disability. *See Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002) (to

---

remdies before bringing a retaliation claim actually undermines plaintiff's argument. The Court agrees that *Castenda* is distinguishable because the failure to exhaust issue in that case arose in a hostile work environment context.  As noted above, however, the Court does not rely on *Castenda* for its conclusion that plaintiff's claims of retaliation need not exhaust administrative remedies.

establish a prima facie case, plaintiff must establish (1) that he is a member of a protected class; (2) that he suffered an adverse employment action; and (3) that the unfavorable action gives rise to an inference of discrimination).

The Court, drawing every favorable inference that may be drawn from plaintiff's allegations of fact, which are presumed to be true, *Sparrow*, 216 F. 3d 1113, concludes that he has adequately demonstrated at this juncture that the adverse employment actions he suffered give rise to an inference that he was discriminated against because of his race, age and gender. Further, the Court notes that the defendant concedes that plaintiff has satisfied the first element and some aspects of the second element of a prima facie discrimination case. *See* Def.'s Mot. at 21. The fact that defendant agrees that the plaintiff is a member of a protected class who suffered some adverse employment action is enough to survive Rule 12(b)(6).

Turning to plaintiff's retaliation claim, this Circuit has held that "in order to survive a motion to dismiss, all the complaint has to say is the Government retaliated against me because I engaged in protected activity." *Rochon v. Gonzales*, 438 F.3d 1211, 1220 (D.C. Cir. 2006). *See also Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999) (to establish a prima facie case of retaliation, plaintiff must establish (1) that he engaged in a statutorily protected activity; (2) that the employer took an

7

adverse personnel action; and (3) that a causal connection existed between the two).  Plaintiff's complaint meets this liberal pleading standard.  Plaintiff has established and defendant does not refute the fact that plaintiff engaged in protected activity by filing formal EEO complaints. *See* Def.'s Mot. at 28.

The defendant, however, alleges that plaintiff failed to present any evidence to permit the Court to make a causal connection between the  protected activity and the adverse employment action.  "A causal connection may be established by showing that the employer had knowledge of the employee's protected activity and that the adverse action took place shortly after that activity." *Rochon*, 438 F.3d at 1220.  However, in order to state a claim of retaliation, a plaintiff is not required, to alleged facts sufficient to negate the employer's alternative explanations for its actions. *Id*.  Here, plaintiff alleges that after he filed his formal EEO complaints, he was denied overtime and was terminated.  Therefore, the Court concludes that plaintiff has stated a claim of retaliation at this stage of the proceedings.

Finally, turning to plaintiff's claim under the Rehabilitation Act, plaintiff has alleged that he has a partial permanent disability based on an injury to his back, which affects his ability to stand, bend, stoop, and lift. Compl. ¶¶

13, 15. To sustain a disability claim under the Rehabilitation Act, a plaintiff must, as a threshold matter, establish that he has a disability. *Lester v. Natsios,* 290 F. Supp. 2d 11, 23 (D.D.C. 2003). An individual with a disability is one who has "a physical or mental impairment which substantially limits one or more of such persons's major life activities." *See* 29 U.S.C. § 705(20)(B); 29 C.F.R. § 1630.2(g). *See also Duncan v. Wash. Metro. Area Transit Auth.*, 240 F.3d 1110, 1114 (D.C. Cir. 2001). The Court finds that plaintiff has sufficiently alleged that he is a person with a disability because he has a long-term condition that limits his life activities.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Dismiss, or, In the Alternative, for Summary Judgment is **DENIED without prejudice**; and it is

**FURTHER ORDERED** that the parties file an amended meet and confer report in accordance with Local Civil Rule 16.3 by no later than **October 12, 2006**; and it is

**FURTHER ORDERED** that a scheduling conference is scheduled for **October 24, 2006, at 12:00 PM.**

**Signed:**     **Emmet G. Sullivan**
                **United States District Judge**
                **September 14, 2006**