# UNITED STATES DISTRICT COURT

## District of the District of Columbia

| | |
|---|---|
| Keith B. Diggs, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>JOHN E. POTTER, )<br>POSTMASTER GENERAL, )<br>UNITED STATES POSTAL SERVICE, )<br>)<br>Defendant. ) | Case No. 05-1112(EGS)<br><br>April 23, 2007 |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant, by and through, United States Attorney for the District of Columbia, hereby answers the complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This court lacks subject matter jurisdiction over all of the Plaintiff's claims that are subject to administrative exhaustion requirements but were never raised in the administrative process.

### THIRD DEFENSE

In response to the specific allegations of the complaint, Defendant states as follows:

1

INTRODUCTION

1. Defendant denies the allegations of unlawful discrimination. To the extent that an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

2. Defendant denies the allegations of unlawful discrimination in paragraph 2 of the Plaintiff's complaint. Paragraph 2 in Plaintiff's complaint is also a demand for judgment and prayer for relief of the Plaintiff's complaint, which requires no answer. To the extent that an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

3. Defendant denies the allegations in paragraph 3 of the Plaintiff's complaint.

JURISDICTION

4. Paragraph 4 of the Plaintiff's complaint constitutes a jurisdictional statement of this action, which requires no answer. To the extent that an answer is deemed required, Defendant denies the allegations in paragraph 4 of the Plaintiff's complaint.

VENUE

5. Paragraph 5 of the Plaintiff's complaint constitutes a venue statement of this action, which requires no answer. To the extent that an answer is deemed required, Defendant denies the allegations in paragraph 5 of the Plaintiff's complaint.

## PARTIES

6. The Defendant is without the knowledge or information sufficient to form a belief as to the truth regarding the Plaintiff's citizenship and residence and therefore denies the statement. Defendant admits that Plaintiff was born on June 21, 1956.

7. Defendant denies the statement in the first sentence of paragraph 7 and avers that John E. Potter is Postmaster General of the United States Postal Service within the meaning of Title 39 United States Code § 203. Defendant is without the knowledge or information sufficient to form a belief as to the truth the statement in the second sentence of paragraph 7 and therefore Defendant denies the statement in paragraph 7.

## ADMINISTRATIVE PROCEDURES

8. The first sentence of paragraph 8 of the Plaintiff's complaint constitutes a jurisdictional statement of this action, which requires no answer. To the extent that an answer is deemed required, Defendant denies the statements in the first sentence of paragraph 8 of the Plaintiff's complaint. The Defendant is without the knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 8 and therefore denies the statement. Defendant denies the statement in the third sentence of paragraph 8 that the Agency's decision was issued on May 24, 2004 and aver that the decision was

issued on May 25, 2004. Defendant admits the statements in the last sentence of paragraph 8.

9. Defendant admits the statements in paragraph 9.

10. Defendant admits the statements in the first two sentences of paragraph 10 except to aver that Plaintiff's complaint referenced in the first sentence was not a final complaint. Defendant denies the third sentence of paragraph 10 but avers that the Plaintiff did file an appeal with the Office of Federal Operations of the Equal Employment Opportunity Commission. The Defendant is without the knowledge or information sufficient to form a belief as to the truth of the statement in the fourth sentence of paragraph 10 and therefore denies the statement and avers that the decision was issued on April 27, 2005. The Defendant denies the last sentence in paragraph 10.

10a. Defendant admits the statements in paragraph 10a except to aver that Defendant is without the knowledge or information sufficient to form a belief as to the truth of the statement as to when the Plaintiff received the decision.

## STATEMENT OF FACTS

11. Defendant admits to the statements in paragraph 11 of the Plaintiff's complaint.

12. Defendant denies the statements in paragraph 12 of the Plaintiff's complaint. Defendant avers that the injury occurred on May 20, 1997 and was accepted for adjudication by the Office of Workers Compensation Programs in November of 1997 but the claim was eventually denied on August 22, 2000.

13. Defendant denies the statement in the first sentence of paragraph 13 of the Plaintiff's complaint. Defendant has no knowledge or information sufficient to form a belief as to the truth of the statement in the second sentence of paragraph 13 and therefore Defendant denies the remainder of paragraph 13.

14. Defendant denies the statements in paragraph 14 of the Plaintiff's complaint. Defendant avers that Plaintiff was assigned to Modified Mail Processor position effective April 25, 1998 and thereafter on July 24, 1998 the Plaintiff's job status was changed to a part-time flexible employee retroactively effective to April 25, 1998.

15. Defendant has no knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 15 and therefore Defendant denies the statements in paragraph 15.

16. Defendant denies the first three sentences of paragraph 16. Defendant have no knowledge or information sufficient to form a belief as to the truth of the statement in the last sentence of paragraph 16 and therefore Defendant denies the statement in the last sentence of paragraph 16.

17. Defendant has no knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 17 and therefore Defendant denies the statement in paragraph 17.

18. Defendant admits the statements in paragraph 18 of the Plaintiff's complaint except to deny that the Plaintiff's status was changed to a part-time flexible status in August of 1998.

19.     Defendant denies the statements in paragraph 19 of the Plaintiff's complaint.

20.     Defendant has no knowledge or information sufficient to form a belief as to the truth of the statement in paragraph 20 and therefore Defendant denies the statement in paragraph 20.

21.     Defendant denies the statement made in paragraph 21 of the Plaintiff's complaint.

22.     Defendant admits the statements made in paragraph 22 of the Plaintiff's complaint that Plaintiff filed complaints of discrimination with the Defendant Postal Service in February 1994, September 1995, June 1997, and August 1998; however, Defendant is without knowledge or information sufficient to form a belief as to the truth of a complaint of discrimination filed in July 1998, and whether Plaintiff was not given light duty assignments based on his alleged disability and therefore Defendant denies the remainder of the statement in paragraph 22.

23.     Defendant denies the statement made in paragraph 23 of the Plaintiff's complaint.

24.     Defendant denies the statement made in the first sentence of paragraph 24 of the Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 24 and therefore Defendant denies the statement in second sentence paragraph 24.

25. Defendant denies the statement made in paragraph 25 of the Plaintiff's complaint.

26. Defendant denies the statement made in paragraph 26 of the Plaintiff's complaint.

27. Defendant denies the statement made in paragraph 27 of the Plaintiff's complaint and avers that Plaintiff was sent home along with others because there was no work within his restrictions.

28. Defendant admits the statement that on or about January 23, 2002 that Plaintiff was sent a letter to substantiate his absence in paragraph 28 of the Plaintiff's complaint and avers that Plaintiff had an obligation to substantiate the nature of his injury to support his continued absence. Defendant further avers that the Plaintiff's absence from work was not because he was laid off or terminated.

29. Defendant denies the statements made in paragraph 29 of the Plaintiff's complaint and avers that Plaintiff was notified that he needed to provide documentation to substantiate his absence.

30. Defendant admits the statement made in paragraph 30 of the Plaintiff's complaint to the extent that he was sent a letter on May 19, 2005 that he had been on unsubstantiated leave since January 25, 2002. However, Defendant avers that the Plaintiff's absence from work was not because he was laid off or terminated.

31. Defendant admits the statement made in paragraph 31 of the Plaintiff's complaint to the extent that he was sent a letter on June 16, 2005

instructing him to report to a Predisciplinary Interview on June 24, 2005 and aver that he was advised that he would continue to be in an AWOL status, which could result in discipline. The Defendant denies the remainder of this paragraph.

32. Defendant admits the statements of paragraph 32 of the Plaintiff's complaint.

33. Defendant admits the statement of paragraph 33 of the Plaintiff's complaint to the extent that he was requested to provide medical documentation showing his inability to work or to report to work and that failure to do so could result in corrective action, up to and including removal. Defendant denies that the Plaintiff was threatened.

34. Defendant has no knowledge or information sufficient to form a belief as to the truth of the statement in paragraph 34 and therefore Defendant denies the statement in paragraph 34.

35. Defendant admits the statements of paragraph 35.

36. Defendant admits the statements of paragraph 36 of the Plaintiff's complaint to the extent the Plaintiff was instructed to report for a Pre-Disciplinary Interview on January 11, 2006 and that his failure to report would result in his supervisor, Fannie Mitchell, making a decision without any input from the Plaintiff. Defendant denies that the remainder of this paragraph.

36. Defendant admits the statements of paragraph 36 of the Plaintiff's complaint to the extent that letter dated January 4, 2006 directed the Plaintiff to report to a Pre-disciplinary Interview on January 11, 2006. Defendant denies that the Plaintiff was threatened.

37. Defendant admits the statements of paragraph 37 of the Plaintiff's complaint to the extent that the Defendant was instructed to report for a Pre-disciplinary interview on January 18, 2006 and that his failure to report would result in his supervisor, Fannie Mitchell, making a decision without any input from the Plaintiff. However, Defendant avers that the letter was dated January 12, 2006. Defendant denies that the remainder of the paragraph.

38. Defendant admits the statements of paragraph 38 of the Plaintiff's complaint.

39. Defendant admits the statements of paragraph 39 of the Plaintiff's complaint and avers that the charge in the Notice of Removal was for "Absence Without Official Leave."

40. Defendant admits the statements of paragraph 40 of the Plaintiff's complaint.

41. Defendant admits the statements of paragraph 41 of the Plaintiff's complaint.

42. Defendant denies the statements made in paragraph 42 of the Plaintiff's complaint.

43. Defendant has no knowledge or information sufficient to form a belief as to the truth of the statement in paragraph 43 and therefore Defendant denies the statement in paragraph 43 because the statement is vague.

44. Defendant denies the statements made in paragraph 44 of the Plaintiff's complaint.

45. Defendant denies the statements made in paragraph 45 of the Plaintiff's complaint.

46. Defendant denies the statements made in paragraph 46 of the Plaintiff's complaint.

## STATEMENT OF CLAIMS

**COUNT I** -- **DISCRIMINAITON ON THE BIAS OF RACE, GENDER AND DISPARATE TREATMENT IN VIOLATION OF TITLE VII**

47. Defendant responds to the statements in paragraph 47 of the Plaintiff's complaint by incorporating Defendant's prior responses to paragraphs 1 through 46 of the Plaintiff's complaint.

48. Defendant denies the statements of paragraph 48 of the Plaintiff's complaint.

**COUNT II** -- **DISCRIMINATION IN VIOLATION OF 29 U.S.C. SECTION 633a Et Seq. THE AGE DISCRIMINATION IN EMPLOYMENT ACT AS AMENDED**

49. Defendant responds to the statements in paragraph 49 of the Plaintiff's complaint by incorporating Defendant's prior responses to paragraphs 1 through 48 of the Plaintiff's complaint and denies the statements in paragraph 49 of the Plaintiff's complaint.

50. Defendant denies the statements of paragraph 50 of the Plaintiff's complaint.

**COUNT III** -- **DISCRIMINAITON ON THE BASIS OF DISABILITY AND HANDICAP**

51. Defendant responds to the statements in paragraph 51 of the Plaintiff's complaint by incorporating Defendant's prior responses to paragraphs through 50 of the Plaintiff's complaint and denies the statements in paragraph 51 of the Plaintiff's complaint.

52. Defendant denies the statements of paragraph 52 of the Plaintiff's complaint.

**COUNT IV -- RETALIATION**

53. Defendant responds to the statements in paragraph 53 of the Plaintiff's complaint by incorporating Defendant's prior responses to paragraphs 1 through 52 of the Plaintiff's complaint and denies the statements in paragraph 53 of the Plaintiff's complaint.

54. Defendant denies the statements of paragraph 54 of the Plaintiff's complaint.

55. Defendant denies the statements of paragraph 55 of the Plaintiff's complaint.

56. Defendant denies the statements of paragraph 56 of the Plaintiff's complaint.

57. Defendant denies the statements of paragraph 57 of the Plaintiff's complaint.

58. Defendant denies the statements of paragraph 58 of the Plaintiff's complaint.

## VII. **PRAYER FOR RELIEF**

59 (1-9).    The remainder of the complaint contained in paragraph 59 and sub-paragraphs 1-9, is a demand for judgment and prayer for relief in the Plaintiff's complaint, which requires no answer.  To the extent that an answer is deemed required, Defendant denies that the Plaintiff is entitled to the relief requested or any relief whatsoever.  Defendant further avers that certain of Plaintiff's claims for compensatory damages are subject to and limited by 42 U.S.C. § 1981a and that no compensatory damages may be awarded for certain other claims.

The Defendant denies each and every allegation set forth in Plaintiff's complaint not specifically admitted herein.

## JURY TRIAL

Plaintiff's demand for a jury trial is a legal conclusion to be made by the court. Defendant also denies that Plaintiff is entitled to a jury trial on every count of the complaint.

   Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov


OF COUNSEL:
Stephen W. Furgeson
Attorney
United States Postal Service