IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH B. DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01112 (EGS) |
| | ) |
| JOHN E. POTTER | ) |
| POST MASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

TO:  JOHN E. POTTER
  C/O Benton G. Peterson, Esquire
  Assistant United States Attorney
  Judiciary Center Building
  555 4th Street, N.W., Civil Division
  Washington, D.C. 20530.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, by counsel, hereby requests that Defendant Secretary of Commerce ("Defendant"), answer separately and fully in writing, under oath, the interrogatories set forth herein, and serve its answers upon the undersigned counsel for Plaintiff within thirty (30) days of service.

These interrogatories are continuing, and to the extent that answers thereto may be enlarged, diminished, or otherwise modified by information Defendant acquires subsequent to the serving of its initial answers thereto, Defendant is requested to serve promptly thereafter supplemental answers setting forth such information.

These interrogatories shall be read and interpreted in accordance with the definitions set forth below:

## DEFINITIONS

(a) The word "document" means the original and all drafts of all written and graphic matter, however produced, reproduced, or stored, of any kind or description, whether or not sent or received, and all copies thereof which are different in any way from the original (whether by interlineation, date-stamped, notation, indication of copies sent or received, or otherwise), including without limitation, any paper, book, account, receipt, prescription, medical records, insurance agreement, tax records, telephone book, diary, calendar, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, telefax, object, report, opinion, investigation, record, transcript, hearing, meeting, study, note, notation, working paper, summary, intra-office or interoffice communication, diary, draft, minute, index sheet, computer software, electronic mail, compressed computer file, Zip file, hard drive, check, check stub, delivery ticket, bill of lading, invoice, record, recording or summary of any telephone or other conversation, of any interview or of any conference, or any other written, recorded, transcribed, punched, taped, filmed, videotaped, audiotaped or graphic matter of which the defendant has or has had possession, custody or control, or of which defendant Plaintiff has knowledge.

(b) The words "you" or "your" means the United States Postal Service ("USPS"), it agents and employees.

(c) The word "Plaintiff" means Keith Diggs.

(d) The word "person" includes natural persons, proprietorships, partnerships, firms, corporations, institutions, bodies, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all

departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, and any other group or combination acting as an entity.

(e) The term "communication" means any manner or form of information, memorandum, or notes or message transmission, however produced or reproduced, whether by "document," as herein defined, or orally or otherwise, which was made by Plaintiff or others or which was distributed or circulated between or among persons, or data storage or processing units and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

(f) The terms "identify...... identity," or "identification," mean:

(i) With respect to a natural person, to state the full name and present or last known home address and employment address of such person, his present or last known title or position and business affiliation;

(ii) With respect to a corporation, to state the corporation's full name, date, and state (or country, if not domestic) of incorporation, the address of its principal office, the states or counties in which it has qualified to do business and the date of its qualification in each state or county, and to identify its officers and directors;

(iii) With respect to a person other than a natural person or corporation, to state its proper name or designation, its principal office address, and the identity of its managers, officers, directors, and agents;

(iv) With respect to a document, whether or not that document is presently in existence, to state the date the document bears or bore or, if undated, the date it was written; the name and address of each person who wrote it or who participated in the writing of it; the name

and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; the name and address of each person who received a copy of the document; a description of the document (as, for instance, "letter...... memorandum"); a detailed summary of the contents of the document; its present location or custodian of each copy or, if unknown, its last known location or custodian, and, if the document is no longer in existence or is no longer in Plaintiff's possession, custody, or control, the disposition made of it, the reason or reasons for such disposition and the date thereof;

 (v) With respect to a communication, to state the method of communication (personal conversation, telephone conversation, computer transmission, letter, telex, telefax, cable or otherwise), its date and time, the identity of the person(s) receiving the communication; the verbatim contents of the communication, or, if the verbatim contents of the communication cannot be recalled, a detailed summary of the communication and the identity of any documents referring in any way to the communications;

 (vi) With respect to any other object, thing, course, program, seminar, action, or activity, to state its nature, composition, duration, location, the person or persons in charge of keeping, conducting or performing it, and a detailed summary or description of it.

 (g) The term "date" means the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

## INTERROGATORIES

1. Identify all persons you believe to have knowledge of any factual assertions, allegations or claims made in Plaintiff's Amended Complaint, describing for each the knowledge or information you believe that individual possesses.

2. Identify each person(s) answering or contributing to the answers to these Interrogatories, and list any documents upon which they relied in responding to these Interrogatories.

3. Please list each provision of each and every USPS rule or regulation which you contend was violated by the Plaintiff.

4. For the period January 1998 to December 2000, please give all reasons why the Plaintiff was denied overtime.

5. Please state whether the Plaintiff was a person with a disability within the meaning of the Rehabilitation Act or if the Postal Service considered the Plaintiff to be a person with a disability within the meaning of the Rehabilitation Act.

6. Please state each and every fact in support of your affirmative defenses and identify each source from whom such defense or contention came.

7. If the Plaintiff is not employed by the Postal Service, please describe how the Plaintiff's employment with the Postal Service ended, when it ended, and give the Plaintiff's job location at the time the employment relationship ended.

8. Beginning with the date of when Plaintiff first started working for the USPS, please give the Plaintiff's position; name each location where the Plaintiff worked, specify the length of time at each location and give the reason, if any, why the Plaintiff left each specific location.

9. Please state each and every occasion when the Plaintiff was recalled to work after he was informed that he should no longer report to the Calvert worksite (please refer to Exhibit 1 attached hereto).

10. Please state each of Plaintiff's restrictions at the time he was told not to report the Calvert worksite (please refer to Exhibit 1 attached hereto).

11. Please state each and every occasion since January 25, 2002 when the Plaintiff was told to submit documentation to substantiate his absence and provide the name of every person who told the Plaintiff that he must submit documentation to substantiate his absence (Please refer to Exhibit 2 attached hereto).

12. Please define what is meant by "acceptable documentation" as stated in Exhibit 2.

13. Please give each and every date after January 25, 2002 until the time of his removal, when the Plaintiff had an unsubstantiated absence from duty.

14. Using Exhibit 3 attached hereto as a reference, please give the date when the Plaintiff was instructed to return to duty.

15. Between January 25, 2002 and the time Plaintiff was removed, please give each and every date when the Plaintiff was charged AWOL.

16. Please name all the individuals present at the Plaintiff's pre-disciplinary interview on January 18, 2006 and state in detail what each person said.

17. As referred to in Exhibit 4 attached hereto, please list all the records relied upon in reaching the conclusion that the Plaintiff was able to perform work.

18. Please list all records in defendant's files which show any period of time when Plaintiff was unable to work and/or that the was incapacitated.

19. Please give all the reasons why the USPS rescinded the request to have the Plaintiff report to work on January 11, 2006 as is stated in Exhibit 5 attached hereto.

20. For the period January 1997 to December 1999, name by race, gender, age and participation in EEO activity, each mail processor with a disability, injury or handicap on Tour III whose job status was changed from full time regular to part time flexible.

21. For the period 2002 to 2006, list by name, race, age, gender, participation in EEO activity each USPS employee at the Calvert worksite who had either a disability, handicap or physical injury.

22. For the period 2002 to 2006, list by name, race, age, gender, participation in EEO activity and disability, injury or handicap each USPS employee, located at the Calvert worksite, who was being accommodated due to medical restrictions, disability, handicap or physical injury.

23. For the period 2002 to 2006, list by name, race, age, gender, participation in EEO activity and disability/injury/handicap each USPS employee who was being accommodated at the Calvert worksite due to medical restrictions and who was informed that he or she should no longer report to the Calvert worksite.

24. Please state whether and when the USPS became aware that the Plaintiff had been told not to report for work at the Calvert worksite, effective January 25, 2002.

25. Please state whether the Postal Service complied in all respects with the terms of the Settlement Agreement attached hereto as Exhibit 6.

26. Please give all reasons why the Plaintiff's status was changed from a full time regular to a part time flexible and state when the change became effective.

27. Please list each and every limited duty assignment and reasonable accommodation offered to the Plaintiff.

28. Please give all reasons why the Plaintiff's request, submitted on July 5, 1998, for Injury on Duty leave ("IOD") was reflected as sick leave on his time records (Please refer to Exhibit 7 attached hereto).

29. For the period January 1998 to December 1999, list by name, gender, disability, physical injury, and involvement in EEO activity each mail processor on Tour III who applied for IOD leave and had that leave changed to sick leave.

30. For the period January 1998 to December 1999, list by name, gender, disability, physical injury, and involvement in EEO activity each mail processor on Tour III who applied for sick leave and had that leave disapproved or/and changed to annual leave.

        Respectfully submitted,

        KEITH DIGGS
        By Counsel
        PATRICK HENRY LLP


By:_____
        Richard E. Patrick, D.C. Bar # 396571
        PATRICK HENRY LLP
        7619 Little River Turnpike
        Suite 340
        Annandale, Virginia 22003
        (703) 256-7754
        (703) 256-7883-fax
        rpatrick@patrickhenry.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July, 2007, a true and exact copy of the foregoing Plaintiff's First Set of Interrogatories to John Potter was sent by facsimile and mailed by first class mail, postage pre-paid, to Benton G. Peterson, Esquire, Assistant United States Attorney, Judiciary Center Building, 555 4th Street, N.W., Civil Division, Washington, D.C. 20530.

_____
Richard E. Patrick

**EXHIBIT 1**