IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH B. DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01112 (EGS) |
| | ) |
| JOHN E. POTTER | ) |
| POST MASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

TO:    JOHN E. POTTER
C/O Benton G. Peterson, Esquire
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C.  20530.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, by counsel, hereby requests that Defendant Secretary of Commerce ("Defendant") respond in writing to Plaintiff's First Request for Documents and also produce the following documents within thirty (30) days of service hereof, at the offices of Patrick Henry LLP, 7619 Little River Turnpike, Suite 340, Annandale, Virginia 22003.

**DEFINITIONS AND INSTRUCTIONS**

1.    **Definitions**

(a)    The word "document" means the original and all drafts of any and all written and graphic matter, however produced, reproduced, or stored, of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineation, date-stamp, notation, indication of copies sent or received, or otherwise),

including, without limitation, any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, telefax, object, report, opinion, investigation, record, hard drive, Zip file, compressed computer file, transcript, hearing, meeting;

    (b)    "You" or "yours" refers to the Defendant, its agents or assigns.

    **2.**    **Documents Withheld from Production**

If you withhold from production any document or part of a document encompassed by this Request for Production of Documents, set forth the following:

(a)    The identity of the document withheld and the legal basis for withholding it;

(b)    The identity of the author, signer, addressee and recipient of the withheld document;

(c)    The date on which the document was drafted; and

(d)    A summary of the contents of the document.

    **3.**    **Claim of Privilege**

If you object to the production of any document or part of a document on the basis of a privilege, provide a statement signed by your attorney which sets forth, as to each document or part of a document that is withheld on a claim of privilege, the following information:

(a)    The name and address of the person(s) who possessed or controlled the document and each copy of the document;

(b)    The name of the author of the document;

(c)    The name of the sender of the document if different from the author;

(d)    The name of the person(s) to whom copies were sent or otherwise made available;

(e)    The business affiliation and job title of every person named in (a), (b), (c) and (d) above;

(f) The date of the document;

(g) A brief description of the nature (<u>e.g</u>, letter, memorandum) and subject matter of the document; and (h) The basis for the privilege claimed.

### 4. Lost or Destroyed Documents

If any document that would have been responsive to this Request for Production of Documents has been destroyed or is no longer in your possession, custody, or control, provide the following information:

(a) The date of the document;

(b) The name(s) and job title(s) of the preparer(s), sender(s), and recipient(s) of the documents;

(c) The date of, and the identity of the person responsible for, its destruction, loss, transfer or other act or omission by which the document left your possession, custody or controversy and

(d) The circumstances surrounding the loss of the document or the reason for its destruction.

### 5. Continuing Demand

This Request for Production constitutes a continuing demand for the production of documents described herein. If at some point after the service of this Request for Production of Documents upon you, a document is located or is created which is responsive to one of the requests herein, this Request for Production of Documents is to be interpreted as demanding production of that document.

6.  **Documents Produced During the Administrative Phase**: For documents which the Defendant has indicated were produced during the administrative phase, please state the page of the Administrative record where the particular document(s) can be found.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  All documents in the possession, custody or control of Defendant, or its agents, which concern, refer or relate to Mr. Diggs employment with Defendant.

2.  A copy of the personnel files of Toni Grier, Fannie Bears-Mitchell, Helen Jackson-Baker, John Cooke, John Monsanto, Glenda Thomas, and Ms. Lisa Sanders.

3.  A copy of Mr. Diggs' personnel file.

4.  Copies of all documents which support any of Mr. Diggs' claims in this case.

5.  Copies of all documents which support any of the defenses raised by the Defendant.

6.  To the extent not already produced in the administrative phase documents in the possession, custody or control of Defendant or its agents, which concern, refer or relate to the Plaintiff's duties, work performance, performance evaluations.

7.  Copies of documents which refer to or relate to any conversation between or among any employees of USPS regarding any of the issues raised in the Second Amended Complaint.

8.  All documents identified in response to Plaintiff's First Set of Interrogatories, which are being served along with the Request for Production of Documents, and which are incorporated herein by reference. Indicate the "Interrogatory Number" in response to which the document is being supplied.

9. Any and all documents which the Defendant intends to rely on at the trial, or any phase thereof.

10. To the extent not already produced in the administrative phase, copies of each and every document which relates to any fact and/or allegation in the Complaint.

11. To the extent not already produced in the administrative phase, all documents memorializing or, in any way, recording or reflecting any words, statements, declarations, conversations or other communications between Plaintiff and USPS employees, which relate to the Plaintiff's claims or to the Defendant's defenses.

12. To the extent not already produced in the administrative phase, any and all documents and other physical evidence constituting, relating to and/or containing information relating to any communications between Plaintiff and any department, office, committee, employee or any other subdivision of USPS concerning any aspect of the present case.

13. To the extent not already produced in the administrative phase, any and all documents and other physical evidence constituting, relating to and/or containing information relating to complaints about Plaintiff's job performance and any alleged misconduct or violations of USPS's rules or regulations by Plaintiff.

14. To the extent not already produced in the administrative phase, any and all documents and other physical evidence constituting, relating to and/or containing information relating to any formal or informal claim or grievance, administrative proceeding, or litigation involving other claims of race, gender, retaliation, age or disability discrimination, against

USPS during the past five years by any USPS employee employed at the Calvert worksite, V Street location or Tour III at the Curseen-Morris.

15. To the extent not already produced in the administrative phase, any and all documents and other physical evidence written or manufactured, recorded, or produced by any person or entity regarding the reason why the Plaintiff was terminated.

16. To the extent not already produced in the administrative phase, any and all documents and other physical evidence constituting, relating to and or containing any investigations, reports, notes, statements, or other documents prepared, compiled, noted, or made by Defendant, made on Defendant's behalf, or utilized by Defendant in any way with regard to the allegations and/or incidents alleged in the Complaint.

17. To the extent not already produced in the administrative phase, any and all notes, calendars, or diaries prepared, compiled, noted, or made by any employee of the USPS or utilized by Defendant in any way with regard to Plaintiff's employment with USPS.

18. To the extent not already produced in the administrative phase, any and all transcribed or written statements, sworn or otherwise, by any persons or witnesses who have knowledge of the facts of this case, including any notes taken thereon.

19. To the extent not already produced in the administrative phase, Plaintiff's entire personnel file and all personnel-related files if the Defendant keeps more than one file on employees. This request includes copies of all complaints and/or grievances filed by the Plaintiff with USPS or any of its employees.

20. To the extent not already produced in the administrative phase, all documents memorializing or, in any way, recording or reflecting any words, statements, declarations, conversations or other communications by Plaintiff which relate to Plaintiff's work record and disciplinary record.

21. To the extent not already produced in the administrative phase, all rules, regulations, personnel policy and procedures manuals or other employee handbooks which applied to Plaintiff at any time during his employment.

22. To the extent not already produced in the administrative phase, each and every document which Defendant contends supports any of its answers given in response to Plaintiff's Second Amended Complaint.

23. To the extent not already produced in the administrative phase, copies of all documents consulted, reviewed or relied upon by any person in connection with preparing Defendant's answer to the Second Amended Complaint.

24. To the extent not already produced in the administrative phase, identify and provide a copy of each and every document in the custody or control of Defendant which relates to any claim set forth in this complaint.

25. To the extent not already produced in the administrative phase, any documents which show that the Defendant and/or any of its agents were familiar with the federal laws regarding discrimination.

26. For the period January 1997 to December 2006, to the extent not already produced in the administrative phase, for the past five years, any document relating to discrimination complaints filed against Toni Grier.

27.     For the period January 1997 to December 1999, copies of documents which relate to employees at the Curseen Morris center whose status was changed from full-time regular to part time flexible.

28.     To the extent not already produced in the administrative phase, any and all documents and other physical evidence constituting, relating to and/or containing information relating to employees at the Calvert Street worksite who were told that the USPS could no longer accommodate their restrictions.

29.     To the extent not already produced in the administrative phase, any and all documents and other physical evidence constituting, relating to and/or containing information relating to employees at the Calvert Street worksite who were issued CA-7 forms because the USPS could no longer accommodate their restrictions.

        Respectfully submitted,

        KEITH DIGGS
        By Counsel

        PATRICK HENRY LLP


    By:_____
      Richard E. Patrick, D.C. Bar # 396571
      PATRICK HENRY LLP
      7619 Little River Turnpike
      Suite 340
      Annandale, Virginia   22003
      (703) 256-7754
      (703) 256-7883-fax
      rpatrick@patrickhenry.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July, 2007, a true and exact copy of the foregoing Plaintiff's First Request for Documents to John Potter was sent by facsimile and mailed by first class mail, postage pre-paid, to Benton G. Peterson, Esquire, Assistant United States Attorney, Judiciary Center Building, 555 4th Street, N.W., Civil Division, Washington, D.C. 20530.

_____
Richard E. Patrick

**EXHIBIT 2**